352 So.2d 684 (1977)
STATE of Louisiana
v.
Gustavo VINET.
No. 59895.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
*686 Anthony R. Frey, III, Frey & Wheelahan, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Gustavo Vinet was charged in a bill of information as amended with the aggravated battery of Dewey Zimmerman with an iron bar. La.Rev.Stat. 14:34. In a trial by a jury of six Vinet was found guilty and sentenced to imprisonment for five years at hard labor. Six assignments of error are urged on this appeal.

Assignment 3
While interrogating the prospective jurors on voir dire, the State's attorney directed this question to the group:
"Would anyone on the jury panel require the State to go further than what the law requires, that is, require the State to prove its case more than just beyond a reasonable doubt? Would anybody require the State to go further than proving it beyond a reasonable doubt?
There's a difference between a reasonable doubt and an absolute dead certainty. Now would anybody on the jury panel require the State to prove it to a certainty, you know, without any doubt, rather than beyond a reasonable doubt?"
At this point the prospective juror Sorbet said, "I feel like it would have to be a certainty." Despite efforts by the trial judge, the State's attorney and defense counsel to further explain and clarify the difference between "certainty" and "beyond a reasonable doubt," the prospective juror persisted in her resolve. She said she could not find anyone guilty unless the proof of guilt was beyond any doubt, that is, to a certainty. Whereupon, the State challenged her for cause and the trial judge maintained the challenge, to which defense counsel objected and assigned the ruling as error.
Article 804 of the Code of Criminal Procedure requires the trial judge to charge the jury that: "It is the duty of the jury if not convinced of the guilt of a defendant beyond a reasonable doubt, to find him not guilty." And Section 271 of Title 15 of the Revised Statutes states: "The plea of not guilty throws upon the state the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant's guilt."
The standard of proof required for conviction is therefore definite and fixed by statute. And Article 797 of the Code of Criminal Procedure announces that a juror's inability to accept the law as given by the court is a ground for which the State may challenge the juror for cause.
*687 Thus on the foregoing authority the ruling of the trial judge was correct. State v. Raymond, 258 La. 1, 245 So.2d 335 (1971); State v. Scott, 243 La. 1, 141 So.2d 389 (1962). Furthermore, the defense has not shown that the State had exhausted its peremptory challenges and that the effect of this ruling is the exercise by the State of more peremptory challenges than it is entitled to by law. Unless this showing is made the defendant has no ground for complaint, even if the ruling allowing the State challenge was erroneous. La.Code Crim.Pro. art. 800; State v. Raymond, supra.
This assignment has no merit.

Assignment 4
The following exchange occurred during the jury selection process. While questioning the prospective juror Michaan, defense counsel asked:
"Mr. Frey:
If the State proves that he is probably guilty but they haven't proved it beyond a reasonable doubt, just proved the probability what would be your verdict?
Mr. Cullen: [prosecutor]
Your Honor, I'm going to object to that question. It's a question of degree.
The Court:
Sustain the objection.
Mr. Frey:
Note an objection to the Court's ruling. No further questions."
The defense contends that it was error for the trial judge to limit voir dire examination in this case. In doing so it is asserted defendant was denied the right to "full voir dire examination of prospective jurors" guaranteed by Section 17 of Article I of the Constitution.
Undoubtedly the defense is entitled to wide latitude in examining prospective jurors. This right is, however, to be exercised within the discretion of the trial judge who determines the scope of the examination under the prevailing facts and circumstances. La.Code Crim.Pro. art. 786. And when the question arises whether voir dire examination has been unduly restricted, the disallowance of a proper question is not automatically reversible. In evaluating the fairness of the ruling the entire examination must be considered. State v. Monroe, 329 So.2d 193 (La.1976); State v. Jones, 315 So.2d 650 (1975).
In the instant case, the defense complains that adequate inquiry into the difference between the standard of proof of "probability" and "reasonable doubt" was not allowed. The assertion is not supported by the record.
At the outset of the voir dire proceedings, the trial judge gave a standard instruction on the burden of proof in a criminal action. This instruction included the explicit distinction between probability of guilt and guilt beyond a reasonable doubt. The judge instructed: ". . . Even where the evidence demonstrates a probability of guilt yet if it does not establish it beyond a reasonable doubt, you must acquit the accused."
While addressing the prospective jurors, defense counsel stated: "I suggest at this point that you will get your instructions from the Court at the end of these proceedings as to what reasonable doubt is." Again, through a series of questions propounded to the panel of prospective jurors, defense counsel was afforded an opportunity to explore the concepts of reasonable doubt, moral certainty, and the presumption of innocence. And, at the close of the evidence, the trial judge again instructed the jury on presumption of innocence, the distinction between a "probability of guilt" and "guilt beyond a reasonable doubt."
Thus, in the full context of the instructions given by the trial judge and the questions and statements of defense counsel, a full voir dire examination was allowed as contemplated by Section 17 of Article I of the Constitution. The constitutional guarantee of full voir dire examination does not require the court to tolerate prolonged, repetitious and unnecessary interrogation.
This assignment is without merit.

*688 Assignment 5

During voir dire examination of the prospective juror Rougee she answered "Yes, I would" in response to defense counsel's question, "Are you willing to give Gus [the defendant] the presumption of innocence that we discussed earlier today?"
Defense counsel then asked, "All the way up until the time, if ever, that the State proves its case beyond a reasonable doubt?"
To which she replied, "Well, if they can present enough facts to prove that he is guilty, I would go in that direction but until then I wouldn't sway."
"What if they prove thatthat a crime had been committed but Gus wasn't the one that did it, could you find him not guilty?", defense counsel asked.
"Yes," the prospective juror answered.
This response, and the denial of a defense challenge for cause, was error, the defense contends, because this prospective juror failed to comprehend the high standard of proof required of the State.
This prospective juror indicated no misunderstanding of the applicable burden of proof or any other ground for sustaining the defense challenge for cause. La.Code Crim.Pro. art. 797.
This assignment is without merit.

Assignment 6
Defense counsel objected to calling two medical doctors to testify on behalf of the State concerning the physical condition of the victim after the battery. It was the defense position that there was ample evidence of a battery and any further testimony dwelling upon the physical condition of the victim would only serve to prejudice and inflame the jury. The objection was denied.
The State called Dr. Nicholson, who, in testifying to the effect of the blow on the victim, said the blow was struck with vigor: "I mean whoever did this intended to kill someone."
This statement, the defense argues, was irrelevant since it did not relate to the crime or to the assailant, and the prejudice clearly outweighed any probative value.
Relevant evidence is that which tends "to show the commission of the offense . .." La.Rev.Stat. 15:441. Viewed in this light the doctor's statement was relevant in that it tended to show the dangerous manner in which the weapon was wielded and the aggravated character of the battery. Relevancy must, moreover, be determined in the light of the entire case and the other evidence before the trial judge. His ruling is made in this context and isolated testimony does not necessarily present the entire basis for his ruling. Therefore his judgment should be upheld unless there is a showing that he has abused his discretion. State v. Williams, 347 So.2d 214 (La.1977). No such showing is made, and this assignment of error is without merit.

Assignment 7
Lloyd Henry, a patron at the Monaco Lounge where this battery occurred, was present when the altercation took place. He testified that he saw defendant Vinet strike the victim with what appeared to be an iron bar. Herman Pugh, who was standing across the street from the lounge at that time, testified that he saw someone come out of the bar and throw something under a car. Officer Goscienski testified that he found a tire iron the day of the disturbance in the parking area adjoining the lounge, about twenty feet from the front door. He was told that some of those present saw the defendant and his accomplices throw the iron bar under a car as they fled the scene. He retrieved the iron bar and retained custody of it until the day of the trial.
While there was conflicting evidence to the effect that the battery was accomplished with a crutch and not an iron bar, the evidence referred to above was sufficient to supply the connexity necessary to support the trial judge's ruling admitting the iron bar into evidence.
The rule concerning the admission of objects has required a proper foundation *689 to be laid, and that the objects be identified or authenticated as the objects they purport to be, and shown to be connected with the crime or with the accused. However, identification is not required to be absolute, certain or wholly unqualified. When there is some evidence for this purpose, objections as to its sufficiency go to the weight rather than the admissibility of the objects in question. State v. Kinchen, 342 So.2d 174 (La.1977); State v. Batiste, 318 So.2d 27 (La.1975); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972).
There is no merit to this assignment.

Assignment 8
The defense filed a motion for a new trial alleging that the verdict finding him guilty of aggravated battery was contrary to the law and the evidence in that Kevin Mabile committed the offense Gustave Vinet was charged with committing and he, Kevin Mabile, was willing to plead guilty to that charge. The motion was denied ex parte by the trial judge.
When defense counsel objected to the ex parte denial at a later hearing held contradictorily with the district attorney, he was allowed to proffer the testimony that would have been given at the hearing on the motion for a new trial.
The district attorney then stipulated that the defense could enter a polygraph report into evidence for the court to consider in connection with the motion for a new trial. A polygraph test had been run on Kevin Mabile by a polygraph examiner with the sheriff's office. The purpose of the test was to determine whether Kevin Mabile was telling the truth when he stated that he struck the victim Dewey Zimmerman with a tire tool. The examiner was of the opinion that Mabile was telling the truth when he said he struck Zimmerman with the tire tool and that he threw the tire tool under a car.
In addition, it was stipulated that an affidavit by Kevin Mabile could be admitted into evidence to the effect that he was the person who struck Dewey Zimmerman, that Gus Vinet did not, and that he, Mabile, was willing to enter a plea of guilty to that charge.
At the trial Kevin Mabile had testified for the defense. He said then exactly what he said in the affidavit, except that he did additionally attest in the affidavit that he would plead guilty to the battery of Zimmerman.
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded. La.Code Crim.Pro. art. 851. Such a motion is not favored by the law.
Although Article 852 requires that a motion for a new trial "shall be tried contradictorily with the district attorney" the facts of this case do not indicate that the ex parte denial prejudiced the defendant.
Initially it should be observed that the requirement that the motion be tried contradictorily with the district attorney is obviously designed to afford the State an opportunity to contest the allegations of such a defense motion. In a case where the defense has moved for a new trial, therefore, only the State would be in a position to complain that the motion was not tried contradictorily with the district attorney. The defense under these circumstances has the advantage of a unilateral presentation.
Nevertheless, the defense was permitted to proffer all the evidence which it would have presented at the hearing contemplated by Article 852. In fact, as already mentioned, that evidence was presented at a later hearing held contradictorily with the district attorney to be considered in connection with the motion for a new trial, and the district attorney stipulated that the evidence would be considered.
Furthermore, there is no merit to the motion because the evidence proffered in the form of Mabile's affidavit was merely a repetition of testimony he gave at the trial. All that was added was that he would plead *690 guilty to the admission that he struck the blow against the victim. This repetitious testimony could not produce a different result in a new trial.
Insofar as the polygraph test results which were proffered with the consent of the district attorney, that too could not change the result. Under repeated decisions of this Court the trial judge could not properly submit this evidence to the jury. To do so would usurp the jury's prerogative on a question involving Mabile's credibility, a question the jury had already resolved by its guilty verdict rejecting Mabile's identical version of the happening. State v. Davis, 351 So.2d 771 (La.1977); State v. Schouest, 351 So.2d 462 (La.1977); State v. Weeks, 345 So.2d 26 (La.1977); State v. Governor, 331 So.2d 443 (La.1976); State v. Corbin, 285 So.2d 234 (La.1973); State v. Refuge, 270 So.2d 842 (1972); McCormick on Evidence, § 207 (2d ed. 1972); Annotation, Physiological or Psychological Truth and Deception Tests, 23 A.L.R.2d 1306. Substantively this motion for a new trial presents only questions of fact and we can only review the denial of such a motion for errors of law. La.Code Crim.Pro. art. 858.
This assignment has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., concurs in part and dissents in part and assigns reasons.
DIXON, J., concurs, disagreeing with the treatment of Assignment # 8.
CALOGERO, J., dissents in part, concurs in part for reasons assigned by TATE, J.
DENNIS, J., concurs in part and dissents in part for reasons assigned by TATE, J.
TATE, Justice (concurring in part, dissenting in part).
I concur in the affirmance of the conviction.
However, La.C.Cr.P. art. 852 mandates a contradictory hearing on a motion for a new trial. A trial court is not authorized to deny the rehearing upon the supposition that a contradictory hearing would not change its mind; the legislature has mandated that it hear argument and (if the allegations justify) evidence.
Therefore, we are in error in not requiring the contradictory hearing mandated by law, even aside from the circumstance that the evidence alleged, if believed, indicates a miscarriage of justice.
Accordingly, I dissent insofar as we did not reverse the sentence and remand this case for contradictory hearing upon the motion for a new trial.
PER CURIAM.
While we do not approve of the treatment of Assignment of Error No. 8, we consider that defendant's motion for a new trial was properly considered by the trial judge in view of the proffer of evidence at a subsequent hearing held contradictorily with the district attorney.
Defendant's application for rehearing is denied.
SUMMERS, J., dissents from this per curiam and adheres to the original opinion.