442 So.2d 827 (1983)
STATE of Louisiana
v.
Joseph ROBINSON and Brenda Brown.
No. KA 0996.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
*828 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before BYRNES, GARRISON and AUGUSTINE, JJ.
BYRNES, Judge.
Joseph Robinson and Brenda Brown, were charged by Bill of Information with attempted simple burglary of an inhabited dwelling, a violation of La.R.S. 14:27 and 14:62.2. On April 28, 1982 Robinson was tried in the Criminal District Court, Orleans Parish and found guilty by a unanimous twelve person jury. Brown was acquitted. Robinson was sentenced to six years with credit for time served. On June 9, 1982 he was found guilty as a multiple *829 offender and sentenced to twelve years at hard labor.

ASSIGNMENT OF ERROR
Appellant raises one issue on appeal. He contends that the trial court erred in refusing to permit prospective jurors to be questioned regarding the types of cases on which they had previously sat and the verdicts rendered in those cases.

FACTS
The alleged attempted burglary took place on September 18, 1981 at 3241 Law Street in New Orleans. On that day Robinson and Brown were twice observed loitering across the street from the house. That evening when the residents were not at home, a silent burglar alarm was triggered and the police arrived at the house. When the residents returned they observed the police escorting the defendants away from the house.
One of the arresting officers testified that he and his partner responded to a silent alarm at 3241 Law Street. When they arrived he observed the defendants coming toward him from the back of the house. He apprehended the suspects and went to the back of the house where he found an open window, a broken piece of wood (used to secure the window), and a screw removed from the burglar bars. An open pocket knife was found in Robinson's back pocket.
The other officer testified that he observed Brown and Robinson at the rear window. Robinson was using a knife to tamper with the burglar bars. As he approached the defendants they saw him and quickly walked to the opposite side of the building, where they were apprehended.
The record establishes further that the defendants were identified as the same people who were twice seen observing the residence on the day of the attempted burglary. The resident of the house testified that the window was closed and the wooden bar in place when he left the house. He also testified that he did not know the defendants nor did he give them permission to enter the premises.

VOIR DIRE
Appellant contends that the trial court erred in denying him the right to ask prospective jurors the type of cases they had previously sat on and the verdicts which they had rendered therein.
It is well settled that a defendant is permitted to question a prospective juror during voir dire as to whether they have previously served on a criminal jury, what the charge was, what the verdict was, etc. State v. Holmes, 347 So.2d 221 (La.1977). However, the scope of the examination is subject to the discretion of the trial judge. State v. Age, 417 So.2d 1183 (La.1982) and State v. Vinet, 352 So.2d 684 (La.1977). In Vinet the court held that:
"Undoubtedly the defense is entitled to wide latitude in examining prospective jurors. The right is, however, to be exercised within the discretion of the trial judge who determines the scope of the examination under the prevailing facts and circumstances. La.Code Crim.Pro. Art. 786. And when the question arises whether voir dire examination has been unduly restricted, the disallowance of a proper question is not automatically reversible. In evaluating the fairness of the ruling the entire examination must be considered. State v. Monroe, 329 So.2d 193 (La.1976); State v. Jones, 315 So.2d 650 (La.1975). (Emphasis supplied)
In the case at bar, defense counsel was not permitted to ask the specific questions set forth in State v. Holmes, supra. The trial judge limited the inquiry to whether the prospective juror had served on a criminal jury and whether such service resulted in the formation of prejudices which would interfere with their rendering a fair and impartial verdict in the defendant's case. Appellant contends that this limitation prevented him from conducting a complete voir dire and gave an unfair advantage to the prosecution.
In a similar case, State v. Nicholas, 397 So.2d 1308 (La.1981), the court concluded *830 that, given the evidence and viewing the voir dire as a whole, any error by the trial judge in limiting the scope of defendant's voir dire was harmless. The court in Nicholas stated:
[C]ounsel makes no allegation that the trial court otherwise curtailed voir dire, and the restriction here, standing alone, does not appear to deprive defendant of his right to full voir dire under LSA-Const., Art. 1 Sec. 17... If there was error, therefore it essentially was harmless error. 397 So.2d at 1317.
In the instant case, appellant makes no allegation that the voir dire was limited in any other manner. Defense counsel did question the jurors regarding possible prejudices formed as a result of prior jury service. The jurors answered that they were capable of rendering a fair and impartial verdict. Viewing the voir dire examination as a whole, we find that any error committed by the trial judge was harmless.

SUFFICIENCY OF THE EVIDENCE
To obtain a conviction in this case the State had to prove that: (1.) an attempt was made to enter an inhabited dwelling without authorization; (2.) with the specific intent to commit a felony or theft therein. R.S. 14:27 and 14:62.2.
In reviewing the sufficiency of the evidence this court must view the evidence in the light most favorable to the prosecution, to determine if any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Further, where circumstantial evidence forms the basis for the conviction every reasonable hypothesis of innocence must be excluded. R.S. 15:438; State v. Shapiro, 431 So.2d 372 (La.1983).
In the case at bar, Robinson was seen tampering with the burglar bars with a knife. A screw was found missing from the bars and an open pocket knife was found in Robinson's back pocket. The window was open and the wooden bar used to secure it was broken. Defendant was not given permission to enter the premises. These facts clearly support the conclusion that an attempt to enter an inhabited dwelling was made without the inhabitant's permission.
It is well settled that the "intent" required to support a conviction under R.S. 14:62.2 is the specific intent to commit a felony or theft within the premises. State v. Ricks, 428 So.2d 794 (La.1983). Specific intent is defined as:
... that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10.
If circumstantial evidence is used to prove specific intent every reasonable hypothesis of innocence must be excluded. La.-R.S. 15:438.
In the case at bar the police witnessed the defendants attempting to gain access to the house. The defendants fled when they saw the police. There was no evidence that their ability to form specific intent was hampered because of intoxication or disorientation. See State v. Ricks, supra and State v. Jones, 426 So.2d 1323 (La.1983). Moreover, Robinson was found with a burglary tool in his back pocket. Finally, the only explanation offered for their presence was that they had entered the yard because Brown had to urinate. This explanation apparently did not convince the jury which unaminously concluded that Robinson and Brown had attempted to burglarize the house.
The standards of Jackson v. Virginia, supra and La.R.S. 15:438 have been met. The evidence was sufficient to prove the elements of the crime and exclude any reasonable hypothesis of innocence.
For the foregoing reasons the verdict of the trial court is affirmed.
AFFIRMED.