511 So.2d 854 (1987)
STATE ex rel Joseph ROBINSON
v.
Frank BLACKBURN, Warden, Louisiana State Penitentiary.
No. K-5953.
Court of Appeal of Louisiana, Fourth Circuit.
August 11, 1987.
Joseph Robinson, in pro. per.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
We granted certiorari to review defendant's sentence concerning whether it was imposed pursuant to the provisions of La. R.S. 15:529.1. From our review we conclude that defendant's sentence was not imposed pursuant to La.R.S. 15:529.1.
Convicted of committing a September 1981 attempted burglary, defendant was sentenced initially on May 10, 1982, to serve six years imprisonment at hard labor. Under the provisions of La.R.S. 15:529.1 the state charged defendant as a multiple felony offender and requested that his sentence be enhanced. After a hearing the court adjudged defendant to be a multiple offender and resentenced defendant to serve twelve years imprisonment at hard labor pursuant to the provisions of La.R.S. 15:529.1. This Court affirmed defendant's conviction and sentence. State v. Robinson, 442 So.2d 827 (La.App. 4th Cir.1983).
Defendant applied to the district court for post-conviction relief and was denied. He sought review from this court. On October 11, 1985, this Court granted review, found multiple errors in defendant's sentencing under La.R.S. 15:529.1, and remanded the matter for "further hearings and resentencing." Although stated ambiguously, the October 11, 1985, order of this court apparently set aside defendant's adjudication and sentencing as a multiple offender pending further hearings after which he was to be resentenced.
Without conducting any further hearings the district court resentenced defendant on November 25, 1985, to serve six years imprisonment at hard labor. The entire transcript of that resentencing follows:
BY MR. PARKER:
Joseph Robinson, 285-111
BY THE COURT:
Joseph Robinson, the sentence imposed on May 10th is rescinded and set aside. Are you ready for sentencing?
BY MR. DOSKEY:
Yes, sir.
BY THE COURT:
Joseph Robinson, having been convicted of the crime of attempted simple burglary of a dwelling house, it is the sentence of this Court that you serve six years at hard labor in the Department *855 of Corrections with credit for time served from May 10, 1982.
BY MR. DOSKEY:
It was earlier than that, Your Honor.
BY THE COURT:
When did he first go to jail, it may be earlier. Credit for time served from September 18, 1981.
Neither the transcript nor the minute entry refer to the sentence as imposed pursuant to La.R.S. 15:529.1.
When a question arose as to whether the sentence was imposed pursuant to La.R.S. 15:529.1, legal counsel for the Department of Corrections asked the sentencing judge for clarification. The judge responded that the November 25, 1985, six-year sentence was imposed pursuant to La.R.S. 15:529.1. Aggrieved, defendant applied for review. Before addressing the merits, this Court requested the district judge to issue a ruling stating whether the November 25, 1985, sentence was imposed pursuant to La.R.S. 15:529.1. On June 9, 1986, the sentencing judge issued an order declaring that defendant's sentence imposed on November 25, 1985, was imposed pursuant to La.R.S. 15:529.1.
We now review that ruling.
We find that this Court's order of October 11, 1985, set aside defendant's adjudication and sentencing as a multiple offender and required that defendant be resentenced after further hearings were held to determine his multiple offender status. No further hearings were ever held, and defendant was resentenced apparently on the sole basis of his conviction for attempted burglary. There is nothing in the record to indicate otherwise. Although the trial judge may have intended and thought that he resentenced defendant as a multiple offender, he could not have done so without first conducting further hearings and again adjudging defendant to be a multiple offender. Since this was not done, defendant's sentence imposed on November 25, 1985, could not have been, and we find was not imposed pursuant to La.R.S. 15:529.1.
Accordingly, the ruling of the district court that defendant's sentence was imposed pursuant to La.R.S. 15:529.1 is reversed.
REVERSED.