SCHOTT, Judge.
Appellant was adjudged a delinquent on the basis of a finding that he was guilty of attempted simple burglary of an inhabited dwelling. (LSA-R.S. 14:27 (62.2)) He was committed to the Department of Public Safety and Corrections for two years.
Ann Messina testified that on November 19, 1987 she was in the shower when the doorbell rang. When she got to the door she saw the appellant sitting on the porch swing and peering into her living room. He asked if he could mow her lawn even though she had no grass but only a ground cover. Seeing no lawn mower she asked where his tools were, and he said they were around the corner. He left, but Messina was somewhat suspicious, especially since her neighbor’s house had been burglarized just five days previously. A short time later she heard a noise from her next-door neighbor’s house. From her back porch she saw the appellant sitting on the ledge of the neighbor’s house and scraping caulking from the window. She called the police.
Officer Geary was the investigating officer. When he and his partner arrived at the scene they walked to the back of the neighbor’s house on the outside of a wooden fence around the yard. Through the fence slats Geary saw the appellant scraping putty from the rear window. A noise caused the appellant to run, and Geary, identifying himself as an officer, ordered the appellant to stop. Appellant attempted *92 to hide in some bushes, where Geary apprehended him and found him holding a small knife.
Deborah Neveu resides at the house appellant was trying to enter. After being notified at work of the attempted entry she went home and found that putty had been scraped from the rear window. She stated that this was fresh putty applied just a week before after another burglary. She had not given appellant permission to enter her home.
The elements of the offense of simple burglary of an inhabited home are 1) unauthorized entry of the dwelling and 2) with the intent to commit a felony or theft therein. R.S. 14:62.2. To support a conviction of attempt the evidence must establish a specific intent to commit the crime of simple burglary and an overt act leading to the crime. R.S. 14:27
In his sole assignment of error appellant contends the evidence was insufficient to prove that the attempt to enter the house was made with specific intent to commit a felony or theft therein.
Our review of the case requires a consideration of the evidence in the light most favorable to the prosecution in order to determine if any rational trier of fact could have concluded that the essential elements of the crime were proved beyond a reasonable doubt. ’ When confronted with circumstantial evidence supporting the conviction we must determine that every reasonable hypothesis of innocence has been excluded. State v. Robinson, 442 So.2d 827 (La.App. 4th Cir.1983); R.S. 15:438.
Caught in the act of scraping fresh putty from the window the only reasonable hypothesis is that appellant was trying to remove the pane so that he could enter the house. The question is what was his purpose or intention for breaking into the house. The trial court found that his intention was to commit a theft of felony and the evidence does exclude any other reasonable hypothesis. When he realized that he had been discovered he fled and tried to hide until the officer apprehended him. As in State v. Moore, ill So.2d 1231 (La.App. 1st Cir.1985), appellant’s flight and attempt to avoid apprehension is one of the circumstances from which the trial court could infer guilt. This evidence is bolstered by appellant’s suspicious behavior with Ann Messina just prior to his attempt to break into Neveu’s house. The only reasonable hypothesis emerging from the evidence is that appellant intended to commit a theft or felony after gaining entrance to the house.
Appellant relies on State v. Ricks, 428 So.2d 794 (La.1983); State v. Jones, 426 So.2d 1323 (La.1983) and State v. Marcello, 385 So.2d 244 (La.1980) in each of which cases the court found the evidence was insufficient to prove intent to commit theft or felony in a prosecution for attempted burglary or burglary. The cases are readily distinguishable on their facts which did not exclude every reasonable hypothesis of innocence as to intent. Appellant suggests that a heavier burden is placed on the defendant caught trying to enter a dwelling than the one who has completed his entry, but this is not persuasive. In the instant case the circumstances exclude every reasonable hypothesis of innocence, as to intent.
We have examined the record for errors patent and find none.
Accordingly the judgment of the trial court is affirmed.
AFFIRMED.