|.WHIPPLE, J.
Plaintiff, Edmond Randolph, an inmate in the.custody of the Louisiana Department of Public Safety and Corrections (“DPSC”), appeals the judgment of the district court dismissing plaintiffs petition for judicial review of an Administrative Remedy Procedure (“ARP”).
FACTS AND PROCEDURAL HISTORY
While in the custody of the DPSC, plaintiff was informed that he was ineligible to receive good time credits because he had been sentenced pursuant to the Habitual Offender Law, LSA-R.S. 15:529.1, and therefore was statutorily prohibited from earning good time credits in accordance with LSA-R.S. 15:571.3. Randolph invoked an ARP and was denied relief at all three steps; thereafter, he filed a petition for judicial review.
Essentially, Randolph claims that there is nothing in the record to establish that he was sentenced as a habitual offender pursuant to LSA-R.S. 15:529.1; that the sentencing court did not articulate or specifically state that he was being sentenced as a “habitual offender” or “pursuant to LSA-R.S. 15:529.1; and thus, he was not sentenced as a habitual offender.” In support of his contention, plaintiff relies upon an excerpt from the transcript of his sentencing on November 13, 1992 entered into evidence in the administrative proceeding.
The excerpt from the transcript of Randolph’s sentencing shows that upon the sentencing court’s finding that Randolph and the District Attorney for Orleans Parish had entered into an enforceable plea agreement for Randolph to be charged as a double offender, the District Attorney changed Randolph’s plea form from a triple offender bill to a double offender bill. Randolph then withdrew his former plea of not guilty to the multiple offender bill and tendered to the court a “Waiver of Constitutional Rights Plea of Guilty form as a *773 multiple offender.” In accepting the plea, the sentencing court verified that Randolph understood that he was 13waiving his rights as “a double offender.” The sentencing court then expressly stated, “The Court will find you guilty of being a multiple offender,” and .proceeded to sentence Randolph to fifteen years imprisonment.
On review in the district court, the Commissioner found there was no necessity for a sentencing court to use the precise words that a offender was being sentenced as a “habitual offender” or “pursuant to LSA-R.S. 15:529.1” and determined that the sentencing court had followed the law in sentencing Randolph as a habitual offender. Therefore, the Commissioner concluded that Randolph was ineligible to receive good time credits pursuant to LSA-R.S. 15:571.3(C). The trial court agreed with the Commissioner’s findings and recommendation, and granted judgment in favor of Warden Day, dismissing Randolph’s petition with prejudice. Randolph appeals.
DISCUSSION
As set forth in LSA-R.S. 15:571.3(C), a prisoner is ineligible to earn good time credits if (1) the inmate has been convicted one or more times under the laws of this state of any one or more of the enumerated crimes, (2) the inmate has been sentenced as a habitual offender under the Habitual Offender Law, LSA-R.S. 15:529.1, and (3) the inmate’s last conviction for purposes of the Habitual Offender Law was committed on or after September 10, 1977. In the instant case, Randolph challenges only the second requirement, contending that the sentencing judge did not sentence him as a habitual offender under the habitual offender statute.
Thus, the issue before this court is whether the sentencing court must specifically articulate that the prisoner is sentenced “as a habitual offender” or that he is sentenced “pursuant to LSA-R.S. 15:529.1,” in order to sentence a prisoner as a habitual offender under LSA-R.S. 15:529.1 or, alternatively, whether statements by a court at sentencing, acknowledging that a prisoner is being | ¿sentenced immediately after adjudication as “a multiple offender” and as “a double offender” satisfy the requirements of LSA-R.S. 15:529.1.
We note at the outset that LSA-R.S. 15:529.1 does not set' forth any specific procedures or formalities required of a sentencing court in sentencing a habitual offender. The statute does not require a court to pronounce that a prisoner is being sentenced as “a habitual offender” or “pursuant to LSA-R.S. 15:529.1” or to use these particular words or phrases. Rather, LSA-R.S. 15:529.1(D)(3) provides, in pertinent part:
When the judge finds that [an offender] has been convicted of a prior felony or felonies ... or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section ...
Clearly the legislative intent of this section is to ensure that a prisoner pleading guilty to a multiple offender bill is apprised of that fact before entering his plea. As applied to the facts in this case, in view of the sentencing court’s inquiry and verification on the record that Randolph understood that he was entering a guilty plea as “a multiple offender” and as “a double offender,” and the court’s imposition of sentence in accordance therewith, we agree that the sentencing court’s language was sufficient and that Randolph was sentenced pursuant to LSA-R.S. 15:529.1.[1]
*774 CONCLUSION
After a careful consideration of the record and the arguments presented herein, we find that the record fully supports the findings and recommendations of the Commissioner as adopted by the district court. We reject the argument that a court is required by law to articulate that a sentence is being imposed “pursuant to IkLSA-R.S. 15:529-.l” or that a prisoner is being sentenced as “a habitual offender.” Instead, we find that the sentencing court’s articulation that Randolph was being sentenced as a “multiple offender” and “double offender” were sufficient for the purpose of imposing sentence pursuant to LSA-R.S. 15:529.1. Therefore, in accordance with the prohibition set forth in LSA-R.S. 15:571.3(0), the DPSC did not err in denying Randolph good time credits.
Accordingly, we affirm the January 25, 1999 judgment of the district court in favor of defendant, Edgar C. Day, Warden, dismissing plaintiffs suit with prejudice. Costs of this appeal in the amount of $550.50 are assessed against plaintifRap-pellant, Edmond Randolph.
AFFIRMED.

. In support of his argument, Randolph cites State ex rel. Robinson v. Blackburn, 511 So.2d 854 (La.App. 4th Cir. 1987). We find the facts of that case distinguishable from the facts presented herein in that the sentencing court in the present case made a specific finding that Randolph was a double offender in the probation revocation and sentencing hearing, whereas the sentencing court in Robinson failed to conduct any type of hearing to determine the defendant's multiple offender status prior to imposing sentence on remand. Thus, *774 the sentencing court was deemed to have sentenced Robinson solely on the basis of one single attempted burglary conviction.