laWHIPPLE, J.
In this prisoner suit, plaintiff seeks review of the denial of the relief requested in an Administrative Remedy Procedure (“ARP”). Specifically, he contends that the Department of Public Safety and Corrections (“the DPSC”) has improperly determined that he was ineligible to earn good time as a habitual offender. For the following reasons, we affirm the trial court’s judgment, dismissing plaintiffs petition for judicial review.
DISCUSSION
Plaintiff challenges the DPSC’s classification of him as a habitual offender on the basis that neither the minutes nor the sentencing transcript state that he was sentenced pursuant to the habitual offender statute, LSA-R.S. 15:529.1. The essence of plaintiffs argument seems to be that when sentencing an individual as a habitual offender, the trial court must specifically state that it is imposing sentence pursuant to LSA-R.S. 15:529.1. Plaintiff asserts that because the trial court did not specifically state that he was sentencing plaintiff “pursuant to LSA-R.S. 15:529.1,” the habitual offender statute, he was not sentenced as a habitual offender. We disagree.
Plaintiff pled guilty to armed robbery. The minutes of the July 30, 1993 hearing on the multiple offender bill reflect that a multiple bill hearing was taken. up, the original sentence was vacated, and plaintiff was sentenced to 49/é years. As shown in the transcript introduced in the administrative record, the sentencing court specifically acknowledged that “the fact is that the multiple bill hearing is in fact before [the court] ... for a finding of fact as to whether or not there is a multiple bill situation.” The sentencing transcript further shows that the court specifically stated that it found plaintiff “guilty of the multiple [offender] bill.” The court then proceeded to vacate the original sentence of twenty years and resentenced plaintiff to 49/é years for the multiple offender adjudication.
|3The sole purpose of the July 30, 1993 hearing was for the trial court to rule on the multiple offender bill, and it is clear from the transcript of that hearing that plaintiff was adjudicated a multiple felony offender and sentenced accordingly. Moreover, we find that the procedure followed by the trial court was in accordance with .the provisions of LSA-R.S. 15:529.1(D). Specifically, the transcript clearly indicates that after plaintiff acknowledged in open court that he had been convicted of a prior felony, the court found that he was a multiple felony offender, vacated the previous sentence and imposed a new sentence based upon the adjudication. See LSA-R.S. 15:529.1(D)(2) and (3); cf. State ex rel. Robinson v. Blackburn, 511 So.2d 854 (La.App. 4th Cir.1987).
We find nothing in the wording of LSA-R.S. 15:529.1 to require that the sentencing judge use any specific or particular words, such as “defendant is sentenced as a habitual offender” or “defendant is sentenced pursuant to- LSA-R.S. 15:529.1” at the very -moment the new sentence is imposed, where it is clear from the transcript of the sentencing hearing that the defendant was adjudicated and sentenced as a multiple offender in proceedings conducted for that very purpose.
This argument lacks merit.
*388 CONCLUSION
For the above and foregoing reasons, the March 31, 1999 judgment of the trial court, dismissing plaintiffs petition for judicial review with prejudice, is affirmed. Costs of this appeal in the amount of $858.56 are assessed against plaintiff/appellant, Kenneth Toliver.
AFFIRMED.