816 So.2d 269 (2002)
STATE of Louisiana
v.
Michael J. FROSCH.
No. 2001-K-1033.
Supreme Court of Louisiana.
March 22, 2002.
PER CURIAM.
Writ Granted. Because police observed the defendant looking into a truck and jiggling the door handle, at 11:50 p.m., in a neighborhood in which many cars had been stolen, and because the defendant attempted to flee upon noticing police, police had reasonable suspicion to stop the defendant under La.C.Cr.P. art. 215.1. After verifying that the vehicle at issue did not belong to the defendant, police had probable cause to arrest the defendant for violation of Code of the City of New Orleans § 54-152 (Tampering). Cf. State v. Moore, 477 So.2d 1231, 1234 (sufficient evidence of attempted simple burglary when defendant flees police after police had observed defendant tampering with burglar alarm at 1:00 a.m.).
In any event, even assuming arguendo that police lacked probable cause to arrest the defendant for tampering, an arrest for a crime for which probable cause does not exist can be justified by the probable cause to arrest for another offense. State v. Wilkens, 364 So.2d 934, 937 (La. 1978); see also, United States v. Bizier, 111 F.3d 214, 218 (1st Cir.1997) ("Probable cause justifying a lawful custodial arrest... need not be for the charge eventually prosecuted."); Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3rd Cir.1994) ("Probable cause need only exist as to any *270 offense that could be charged under the circumstances.")(emphasis added).
Accordingly, in the instant case, given the defendant's actions, police also had probable cause to arrest him for attempted simple burglary. Cf. In re Nelson, 533 So.2d 91, 92 (La.App. 4th Cir. 1988) (scraping caulking from window, then fleeing from police constitutes sufficient evidence of attempted simple burglary); State v. Robinson, 442 So.2d 827, 830 (La.App. 4th Cir.1983) (removing screw from bars on window, then fleeing from police sufficient evidence of attempted simple burglary of an inhabited dwelling). Although this Court has held that equivocal conduct does not afford probable cause to arrest if the possibility of criminal conduct is no greater than the possibility of innocent behavior, State v. Talbert, 449 So.2d 446, 447 (La.1984), in the instant case, the defendant's jiggling of the truck's door handle at a late hour in a neighborhood where cars had been stolen in the past, combined with the defendant's subsequent flight from police, create a high likelihood of criminal conduct.
We thus reverse the decision of the court of appeal, and reinstate the defendant's conviction and sentence.