STATE OF LOUISIANA IN
THE INTEREST OF J.P.

    \*        NO. 2019-CA-0542

    \*

              COURT OF APPEAL

    \*

              FOURTH CIRCUIT

    \*

              STATE OF LOUISIANA

    \* \* \* \* \* \* \*

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2018-354-03-DQ-C, SECTION "C"
Honorable Candice Bates Anderson, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Rosemary Ledet, Judge Dale N. Atkins)

Tenee Felix
LOUISIANA CENTER FOR CHILDREN'S RIGHTS
1100-B Milton Street
New Orleans, LA 70122

      COUNSEL FOR APPELLANT

Leon Cannizzaro
DISTRICT ATTORNEY
Donna Andrieu, Chief of Appeals
Scott Vincent
ASSISTANT DISTRICT ATTORNEYS
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR APPELLEE

                  **REVERSED AND RENDERED**

                  **SEPTEMBER 25, 2019**

This is a juvenile delinquency case. The juvenile, J.P.[1] appeals her

adjudication and disposition for simple burglary. For the reasons that follow, we

reverse the adjudication and disposition and dismiss the petition with prejudice.

**BACKGROUND**

On April 24, 2018, the New Orleans Police Department ("NOPD") received

a report of a simple burglary of a silver Nissan Altima located in a parking lot at

Delgado Community College ("Delgado") in New Orleans, Louisiana. The

following day, April 25, 2018, NOPD Detective Nicole Alcala collected from

Delgado surveillance video purporting to capture the burglary. From the video,

Detective Alcala recognized one of the alleged perpetrators as J.P., with whom

Detective Alcala had had previous encounters. Detective Alcala issued a warrant

for J.P.'s arrest, and J.P. was subsequently arrested.

After J.P.'s arrest, the State filed a delinquency petition charging J.P. with

simple burglary, a violation of La. R.S. 14:62(A). J.P. entered a denial, and the

case proceeded to trial on May 7, 2019. At the conclusion of trial, the juvenile

---

[1] Pursuant to the confidentiality requirements regarding juvenile proceedings, as set forth in Rules 5–1 and 5–2 of the Uniform Rules—Courts of Appeal and La. Ch.C. art. 412, the juvenile, who was 15 at the time of the charged offense, is referred to by her initials only.

court adjudicated J.P. delinquent. The same day, the juvenile court entered a disposition, reprimanding J.P. This appeal followed.

## ERRORS PATENT

We have reviewed the record for errors patent. *State ex rel. A.H.*, 10-1673, p. 9 (La. App. 4 Cir. 4/20/11), 65 So.3d 679, 685 (observing that, in juvenile cases, and pursuant to La. Ch.C. art. 104 and La.C.Cr.P. art. 920, "conducting an error patent review in juvenile delinquency proceedings is warranted"). We find none.

## DISCUSSION

In her sole assignment of error, J.P. contends that the evidence is insufficient to support her adjudication for simple burglary. Although juvenile delinquency proceedings are not criminal in nature, due process requires that the State prove every element of the charged offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Due process also requires that the sufficiency of the evidence adduced at trial be reviewed under the well-settled standard announced in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In *State v. Brown*, 12-0626, pp. 6-8 (La. App. 4 Cir. 4/10/13), 115 So.3d 564, 570-71, we set forth the *Jackson* standard as follows:

> In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Green*, 588 So.2d 757 (La. App. 4th Cir. 1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. *State v. Mussall*, 523 So.2d 1305 (La. 1988). The reviewing court must consider the record as a whole. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's

discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. *Id.* at 1310. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." *State v. Smith*, 600 So.2d 1319, 1324 (La. 1992).

In Louisiana, the *Jackson* standard defines the minimum review required in juvenile proceedings by the Due Process clause of the United States Constitution; Louisiana law imposes a broader standard of review. *See State ex rel. D.R.*, 10-0405, p. 14 (La. App. 4 Cir. 10/13/10), 50 So.3d 927, 935 (observing that "a child adjudicated a delinquent in Louisiana is entitled to a broader scope and standard of review than the minimum required by the Due Process clause").

Consistent with the understanding that juvenile delinquency proceedings are civil in nature, Louisiana courts review the sufficiency of the evidence in juvenile cases under a hybrid of the *Jackson* standard applied in criminal cases and the manifest-error standard applied in civil cases. *See State in Interest of M.B.*, 16-0819, pp. 7-8 (La. App. 4 Cir. 4/19/17), 217 So.3d 555, 562 (observing that "[a]s a result of juvenile delinquency determinations being civil in nature, both the *Jackson* standard and the manifest-error standard work together to provide juveniles with constitutionally adequate appellate review.") Accordingly, we must determine whether, viewing all of the evidence in the light most favorable to the State, the juvenile court committed manifest error in finding that the State proved beyond a reasonable doubt that J.P. committed a simple burglary.

Simple burglary is "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein." La. R.S. 14:62(A). The intent required for simple burglary is "the specific intent to commit either a felony or a

3

theft at the time of his unauthorized entry." *State v. Marcello*, 385 So.2d 244, 245 (La. 1980). Specific criminal intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:10(1). Absent an admission by the defendant, specific intent "must necessarily be proven by inferences from surrounding facts and circumstances." *State v. Duncan*, 390 So.2d 859, 861 (La. 1980).

In this case, there was no direct evidence that, upon entering the vehicle, J.P. did so either without authority and with the intent to commit a felony or a theft. Thus, to adjudicate J.P. delinquent, the juvenile court was required to infer from the circumstantial evidence that J.P. entered the vehicle without authorization and that she did so with the intent to commit a felony or theft. As this court has observed:

> When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. *State v. Shapiro*, 431 So.2d 372 (La. 1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from the *Jackson* reasonable doubt standard; rather, it is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. *State v. Wright*, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the *Jackson* reasonable doubt standard. *State v. Jacobs*, 504 So.2d 817 (La. 1987).

*State v. Brown*, 12-0626, pp. 6-8 (La. App. 4 Cir. 4/10/13), 115 So.3d 564, 570-71; *see also State v. Robinson*, 442 So.2d 827, 830 (La. App. 4th Cir. 1983) (citing La. R.S. 15:438) (observing that when intent, like any other element, is proven by circumstantial evidence, "every reasonable hypothesis of innocence must be excluded").

4

The evidence in this case consisted exclusively of Detective Alcala's testimony and the surveillance video. In adjudicating J.P. delinquent, the juvenile court acknowledged as much, stating:

> So today I'm going to see if that detective's information is enough. I am going to adjudicate you delinquent based on the fact that the detective saw you in the vehicle, the detective recognized you from the video footage, that you were on the campus, that the person did not give you permission to enter into their vehicle. That a police report was generated, that the New Orleans Police were contacted, and you were in the video. So let's see what happens. So you are adjudicated delinquent for simple burglary.

In light of this evidence, we address the issues of authorization and intent separately.

### Authorization

As noted above, Detective Alcala was the State's only witness. Although she testified that she interviewed the owner of the vehicle during the course of her investigation, Detective Alcala did not testify whether the owner had authorized J.P. to enter the vehicle. Instead, the juvenile court inferred the lack of authorization from the following colloquy between the juvenile court and Detective Alcala:

THE COURT:      At the time that you were able to discuss with the alleged victim, not disclosing anything that the victim said to you, at any time when you observed the video footage and the person that you determined to be the victim, did you ever see the victim give permission to Ms. Parker to be in her vehicle?

MS. ALCALA:     No.

THE COURT:      Did you ever see the victim open their vehicle and allow Ms. Parker to enter their vehicle?

MS. ALCALA:     No.

THE COURT: Did you ever see the victim use their key fob from the school to open their vehicle in order to allow Ms. Parker to enter the vehicle?

MS. ALCALA: No.

This exchange, however, was insufficient to exclude the possibility that the victim had authorized J.P. to enter the vehicle.[2]

The surveillance video does not cure this insufficiency; to the contrary, the surveillance video suggests that J.P. and her companion may have had some relationship with the vehicle. The surveillance video shows two individuals walking on a sidewalk bordering a parking lot on a bright, sunny day. As they walk, they pass several parked cars. As the individuals approach a silver Nissan Altima, one of them, identified by Detective Alcala as J.P., steps off the sidewalk, approaches the front driver side door, opens it, briefly enters the vehicle, exits the vehicle, shuts the door, and walks away. Thus, the video reflects that, in clear view of anyone watching, J.P. and her companion walked directly to the silver Nissan Altima and entered it. The fact that they did so leaves ample room for the reasonable hypothesis that they had authorization to do so. The juvenile court's finding to the contrary was clearly erroneous.

*Intent*

Detective Alcala did not testify that, during the course of her investigation, she spoke with either J.P. or her companion; thus, there is no statement by either of the alleged perpetrators regarding J.P.'s intent at the time she entered the vehicle.

---

[2] Indeed, before adjudicating J.P. delinquent, the juvenile court acknowledged as much, stating:

> [W]hile we do have information that Ms. Parker obviously entered the vehicle I don't know if that vehicle that she entered into at that point was the vehicle that somebody said hey, go in there and put your backpack. I mean, we really don't know, so that's why it's just very important that the victim should have had the opportunity to be present in Court.

Additionally, although the video shows J.P. enter the front driver side of the vehicle, the video does not capture J.P.'s actions inside the vehicle; thus, there is no evidence that J.P. actually committed or attempted to commit a felony or theft in the vehicle. Indeed, Detective Alcala did not testify that anything had been placed in or removed from the vehicle.

Instead, the transcript reflects that the sole basis of the juvenile court's inference that J.P. entered the vehicle with the specific intent to commit a felony or theft was the juvenile court's prior finding that she did so without authorization. As previously discussed, however, the juvenile court's finding that J.P. did not have authorization to enter the vehicle was manifestly erroneous. As a result, the juvenile court's finding that J.P. entered the vehicle with the specific intent to commit a felony or theft was manifestly erroneous.

In sum, the evidence in this case was not sufficient to exclude every reasonable hypothesis that J.P. had authorization to enter the vehicle or the possibility that she did so for a purpose that was neither a felony nor a theft. Accordingly, we find the juvenile court manifestly erred in adjudicating J.P. delinquent of simple burglary.

In a criminal proceeding, a finding that the evidence is insufficient to support a conviction requires an acquittal; and a reviewing court making such a finding must enter a judgment of acquittal.[3] *State v. Phillips*, 412 So.2d 1061, 1063

---

[3] An exception to this rule exists. When the charged offense is among the crimes for which lesser included offenses are statutorily enumerated in La. C.Cr.P. art. 814, an appellate court has the authority to enter a conviction for the next highest offense supported by the evidence. La. C.Cr.P. art. 821(E); *see also State v. Higgins*, 03-1980 (La. 4/1/05), 898 So.2d 1219, 1232 (observing that, "under *State v. Byrd*, 385 So.2d 248 (La. 1980), and La. Code Crim. Proc. art. 821(E), discharge of the defendant is neither necessary nor proper when the evidence presented at trial does not support the verdict returned but does support a responsive verdict or lesser included grade of the offense"). This exception has been applied in juvenile delinquency proceedings. *See,*

(La. 1982) (observing that "[w]hen a reviewing court reverses a conviction on the ground of evidentiary insufficiency, as distinguished from trial error, the double jeopardy clause of the fifth amendment precludes a second trial and requires the direction of a judgment of acquittal" and citing *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). Similarly, in a juvenile delinquency proceeding, when a reviewing court finds that the evidence is insufficient to support an adjudication, the reviewing court must enter a judgment dismissing the delinquency petition with prejudice.[4] *See, e.g., State in Interest of T.M.*, 11-1238 (La. App. 4 Cir. 3/28/12), 88 So.3d 1228, *writ granted in part, judgment rev'd in part on other grounds sub nom. State ex rel. T.M.*, 12-0964 (La. 12/14/12), 104 So.3d 418.

## DECREE

For the foregoing reasons, the adjudication and disposition are reversed. The delinquency petition is dismissed with prejudice.

**REVERSED AND RENDERED**

---

*e.g., State in Interest of Pigott*, 413 So.2d 659, 663 (La. App. 1st Cir. 1982) (finding "no reason why the rationale and justification used in *Byrd* should not apply to juvenile cases on appeal").

[4] Although simple burglary is among the crimes for which lesser included offenses are statutorily enumerated in La. C.Cr.P. art. 814, the exception set forth in La. C.C.P. art. 821(E) and discussed in *Byrd* does not apply in this case. Under La. C.Cr.P. art. 814(50), the responsive verdicts for simple burglary are as follows: guilty; guilty of attempted simple burglary; guilty of unauthorized entry of a place of business; guilty of attempted unauthorized entry of a place of business; and not guilty. Because the evidence is insufficient to establish that J.P. did not have authorization to enter the vehicle or that she had the specific intent to commit a felony or theft in the vehicle, the evidence is insufficient to support an adjudication for either simple burglary or attempted simple burglary. Additionally, because the structure allegedly burglarized was a vehicle—not a place of business—the evidence is insufficient to support an adjudication for either unauthorized entry of a place of business or attempted unauthorized entry of a place of business. Accordingly, the only available responsive verdict is not guilty.