998 So.2d 145 (2008)
STATE of Louisiana, Appellee
v.
Michael Cornell TIMMONS, Appellant.
No. 43,602-KA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*146 Louisiana Appellate Project by W. Jarred Franklin, for Appellant.
Michael C. Timmons, Pro Se.
Paul Carmouche, District Attorney, Jason Trevor Brown, Catherine M. Estopinal, John Ford McWilliams, Jr., Assistant District Attorneys, for Appellee.
Before WILLIAMS, PEATROSS & DREW, JJ.
PEATROSS, J.
Defendant, Michael Cornell Timmons, challenges his adjudication as a fourth-felony habitual offender. Finding that the State failed to show that a prior conviction fell within the period mandated by La. R.S. 15:529.1(C), we vacate the adjudication and remand the matter to the trial court for further proceedings.

FACTS
Defendant was charged by bill of information with felony theft, in violation of La. R.S. 14:67. As part of a plea bargain agreement, Defendant pled guilty as charged with an agreed sentence of eight years at hard labor and no multiple bill to be filed by the State if Defendant appeared for sentencing as agreed. Defendant entered his plea on July 14, 2004, and was ordered to appear for sentencing two weeks later, on July 28, 2004. Defendant, however, did not appear as ordered and his bond was forfeited in proceedings held on September 24, 2004. On August 7, 2007, the State filed a bill of information alleging Defendant to be a fourth-felony offender. A hearing was held on November 28, 2007, after which Defendant was adjudicated as a fourth-felony offender. On December 3, 2007, Defendant was sentenced to 20 years at hard labor without benefit of probation or suspension of sentence. This appeal ensued.

DISCUSSION
Assignment of Error: The trial court erred in adjudicating the Defendant a fourth felony habitual offender.
Assignment of Error Number Two (pro se verbatim): The state did not carry it's (sic) burden of proof by a showing of adequate evidence, regarding the voluntary nature of the prior convictions, which were used to enhance his present sentence as a habitual offender.
Defendant argues that the State did not carry its burden of proving the voluntary nature of his prior convictions and that the State failed to prove when he was released from state custody as to each predicate conviction; thus, it was impossible to ascertain whether the cleansing period had elapsed between each conviction.
La. R.S. 15:529.1(C) provides that:
The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum *147 sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions or adjudication or adjudications of delinquency alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses. (Emphasis added.)
The penalty under subsection La. R.S. 15:529.1(A) is employed to determine the appropriate sentence if ten years or less has elapsed between the defendant's discharge from being subject to penitentiary confinement for the previous conviction and the commission of the underlying felony. State v. Everett, 00-2998 (La.5/14/02), 816 So.2d 1272. In a habitual offender proceeding, the state bears the burden of proving that the period of time between adjacent offenses has not expired. State v. Ignot, 29,745 (La.App.2d Cir.8/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618.
In the habitual offender bill of information, the State alleged that the conviction for felony theft was, in fact, Defendant's fourth-felony conviction and that he should be found to be a fourth-felony offender. The State alleged that Defendant had prior convictions for felony theft (instant offense), simple burglary of an inhabited dwelling (hereinafter referred to as "burglary"), possession of stolen things over $500 and forgery. The State also alleged that ten years had not elapsed between the commission of each subsequent felony. In response to this habitual offender bill of information, Defendant filed a motion to quash which alleged that the State had failed to provide a means to establish that Defendant was the same person who had been previously convicted of the offenses alleged in the bill of information.
A multiple bill hearing was held on November 28, 2007, at which time the State presented the testimony of Corporal Tommy Rachal,[1] of the Shreveport Police Department. Corporal Rachal testified that he fingerprinted Defendant in court that day and made a comparison of those prints to the prints found on the bills of information for each of the convictions listed in the bill of information. After the hearing, Defendant was adjudicated a fourth felony offender; and, on December 3, 2007, he was sentenced to 20 years at hard labor.
We find merit in Defendant's argument regarding the State's failure to prove that the cleansing period between his convictions had not elapsed. The date of commission of the instant offense was October 14, 2003. Defendant was convicted of the prior offense of simple burglary of an inhabited dwelling on June 16, 1993, and sentenced on July 30, 1993, to 15 years at hard labor without benefits and credit for time served. During the habitual offender hearing, the State failed to present any evidence to show when Defendant was released from state supervision. During the sentencing hearing, the trial judge notes *148 that Defendant was in the custody of the Department of Corrections in the fall of 2004, "probably in connection with a parole violation"; however, there is no indication of the source of this reference. The only potential reference pertaining to a possible release date for Defendant is contained in a copy of Defendant's rap sheet or criminal history which was a part of the pretrial discovery provided to Defendant. Defendant's criminal history was not entered into evidence during the hearing. While it would appear that the commission of the current offense occurred prior to the expiration of Defendant's parole, no evidence was presented during the habitual offender hearing to support this conclusion.
The cleansing period under the habitual offender statute begins to run from the date that a defendant is actually discharged from state custody and supervision. State v. Davis, 41,245 (La.App.2d Cir.8/9/06), 937 So.2d 5. While the current offenses may very well fall within the statutory period, it is incumbent on the State to introduce evidence supporting that conclusion. State v. Capers, 41,231 (La. App.2d Cir.8/23/06), 938 So.2d 1076, writ denied, 06-2399 (La.4/27/07), 955 So.2d 683. Without proof of this/these dates, it is impossible to calculate whether or not the current offenses fall within the statutory period. State v. Capers, supra.
Since the State failed to establish when Defendant was actually released from state custody, it was unable to prove that the cleansing period had elapsed between Defendant's instant conviction and the expiration of the maximum sentence for the prior conviction. Considering the State has failed to meet its burden, we must vacate the habitual offender adjudication and remand the matter to the trial court for further proceedings.
Assignment of Error Number Three (pro se verbatim): The district judge committed error sufficient to reverse his ruling when he failed to comply with the mandates of La. R.S. 15:529.1, in that he did not advise the defendant of his right to remain silent, as well as other rights which were required by statutory law.
In light of our ruling to remand the matter to the trial court, the argument of Defendant regarding whether he was advised of his right to remain silent prior to the habitual offender adjudication is pretermitted.
Assignment of Error Number One (pro se verbatim): Assigned as error are any and all errors patent.
Defendant's first pro se assignment is a request for this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556.

DECREE
For the foregoing reasons, the habitual offender adjudication of Defendant, Michael Cornell Timmons, is vacated and the matter is remanded to the trial court for further proceedings.
HABITUAL OFFENDER ADJUDICATION VACATED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Corporal Rachal was accepted by the trial court as an expert in fingerprint identification and analysis.