WILLIAMS, J.
|]The defendant, Michael Cornell Tim-mons, was convicted of felony theft and subsequently adjudicated a fourth felony offender. On appeal, this court vacated the habitual offender adjudication based on the state’s failure to prove the absence of a cleansing period and remanded the matter for further proceedings. State v. Timmons, 43,602 (La.App.2d Cir.10/22/08), 998 So.2d 145. On remand, the defendant was again adjudicated a fourth felony offender and sentenced to 20 years’ imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant appeals his habitual offender adjudication. For the following reasons, we affirm the *1076 defendant’s adjudication as a fourth felony offender and his sentence.
FACTS
In November 2003, the defendant was charged by bill of information with one count of felony theft allegedly committed on October 14, 2003, in violation of LSA-R.S. 14:67. As part of a plea agreement, the defendant pled guilty to the charge on July 14, 2004, in exchange for an agreed sentence of eight years at hard labor and the state’s agreement not to file an habitual offender bill. The agreement was conditioned on the defendant appearing for his sentencing two weeks later. However, the defendant did not appear at his sentencing and in August 2007, the state filed an habitual offender bill charging the defendant as a fourth felony offender.
At the November 2007 habitual offender hearing, the state introduced the testimony of Corporal Tommy Rachal, who was accepted as an expert in the field of fingerprint identification and analysis. Corporal Rachal testified 12that he took defendant’s fingerprints in open court that day and had made a comparison to the fingerprints taken of the defendant in the following matters: “State of Louisiana v. Michael Deangelo Timmons,” docket number 234,-164 in the Parish of Rapides; “State of Louisiana v. Michael W. Timmons,” docket number 148,613 in the Parish of Caddo; and “State of Louisiana v. Michael Timmons,” docket number 138,549 in the Parish of Caddo. Corporal Rachal opined that defendant in this case is the same individual who was convicted in each of the three aforementioned cases.
The state also introduced as exhibits the bills of information, court minutes and fingerprints taken from the defendant in each of the three prior convictions. The exhibits reflect that in docket number 234,164, the offense immediately preceding the instant offense, the defendant was convicted by a jury of simple burglary of an inhabited dwelling on June 16, 1993, and was sentenced to serve 15 years at hard labor without the benefit of parole, probation or suspension of sentence. The defendant presented no witnesses at the hearing and submitted the matter on the evidence. The court adjudicated the defendant a fourth felony offender and subsequently sentenced him to serve 20 years at hard labor without the benefit of probation or suspension of sentence.
The defendant appealed and in pro se assignments of error contested his adjudication as a fourth felony offender on the basis that he was not advised of his right to remain silent and that the state failed to prove that the 10-year cleansing period between his 1993 conviction for burglary of an inhabited dwelling and the instant offense had not expired. Finding merit as |sto the latter assignment, this court vacated the habitual offender adjudication on the basis that the state had not established the date when the defendant was actually released from state custody and, thus, failed to prove that the cleansing period between adjacent offenses had not expired. State v. Timmons, supra.
On remand, the trial court held a new habitual offender hearing and at the request of the prosecutor took judicial notice of the evidence introduced during the previous hearing. Additionally, the state introduced into evidence a “pen pack” indicating that on June 4, 2002, inmate Michael D. Timmons was released from incarceration in connection with his conviction under Rapides Parish docket number 234,164. The defendant objected to the sufficiency of the evidence on the basis that he “ha[d] no knowledge of what [the pen pack] is and what it stands for.” Statements made by defense counsel indicated that defendant *1077 believed the state should be required to re-submit all of the evidence necessary for an habitual offender adjudication. Noting these objections for the record, the trial court concluded that the state had satisfied the requirements under LSA-R.S. 15:529.1 to prove the defendant’s status as a fourth felony offender in light of the evidence adduced at the earlier habitual offender hearing and the supplemental evidence submitted by the state at the subsequent hearing. Defendant was then resentenced to serve 20 years at hard labor without the benefit of probation or suspension of sentence. This appeal followed.
DISCUSSION
The defendant contends the trial court erred in failing to conduct a | complete habitual offender hearing on remand. Defendant argues that he was deprived of the opportunity to challenge alleged irregularities in the pen pak and to raise the issue that the documents produced by the state concerning the predicate offense in Rapides Parish refer to defendant as Michael Deangelo Timmons, while the documents regarding the instant conviction identify the defendant as Michael Cornell Timmons.
When a defendant denies prior convictions in habitual offender proceedings, the burden is on the state to prove the existence of the prior convictions and that defendant was the same person who committed those offenses. State v. Henry, 42,416 (La.App.2d Cir.9/19/07), 966 So.2d 692. The 10-year cleansing period under the habitual offender statute is determined by measuring the period between the date that a defendant is actually discharged from state custody and the commission of the underlying felony. State v. Timmons, supra. The trial judge has the right to take judicial cognizance of any prior proceeding over which he presided as part of the same case. State v. Muhammad, 03-2991 (La.5/25/04), 875 So.2d 45, fn. 9; State v. Jones, 332 So.2d 461 (La.1976).
In the present case, the trial court conducted a contradictory hearing on remand and allowed the state to rely in part on the evidence introduced at the first hearing. Contrary to his contention on appeal, the defendant was afforded an opportunity at the second hearing to present any evidence in his defense, but opted only to object to the contents of the pen pack. Given that the same judge presided over both multiple offender hearings, the court was within its discretion to take cognizance of the evidence introduced at the | <-,prior hearing. Furthermore, since the procedure did not preclude the defendant’s ability to present evidence, he has not demonstrated that he was deprived of the opportunity to challenge any alleged irregularities in the state’s evidence. Nor has defendant shown that allowing the state to rely on evidence previously submitted to the court before the same presiding judge was inconsistent with his right to a contradictory hearing.
In addition, there is no evidence to support defendant’s allegation that he was precluded from addressing the fact that different middle names were listed for defendant in the predicate offense and in this case. On several occasions after the state presented its supplementary evidence in the form of the pen pack, the trial court asked defense counsel and the defendant if they had anything further. In response, neither defense counsel nor defendant expressed the desire to call witnesses or submit any evidence. Accordingly, there is no showing that the procedure employed precluded the defendant from rebutting the evidence presented in support of the fourth felony offender adjudication. The assignment of error lacks merit.
*1078 The defendant contends the trial court erred in failing to advise him of his statutory rights relating to a multiple offender hearing. Defendant argues that his adjudication as a fourth felony offender should be reversed because he was not advised of the specific allegations in the habitual offender bill, his right to a hearing or the right to remain silent.
LSA-R.S. 15:529.1(D)(l)(a) requires that the defendant be advised of the specific allegations contained in the habitual offender bill of information and of his right to a hearing at which the state must prove its case. There is |nan implicit requirement that the defendant be advised of his constitutional right to remain silent. Generally, the failure of the trial court to advise the defendant of his right to a hearing and his right to remain silent is not considered reversible error where the defendant’s habitual offender status is established by competent evidence offered by the state at a hearing, rather than by admission of the defendant. However, when the guilt of the defendant is proven by his own admission to the habitual offender bill of information, without having been informed of his right to a hearing or his right to remain silent by either the trial court or his attorney, there is reversible error. State v. Mason, 37,486 (La.App.2d Cir.12/10/03), 862 So.2d 1077.
This court has previously held that the trial court committed harmless error by failing to read the habitual offender bill of information in court and failing to inform the defendant of his right to remain silent at the habitual offender hearing, where the defendant exercised his right to remain silent, he was provided with an evidentiary hearing, and was aware of the convictions being used against him. State v. Odom, 34,054 (La.App.2d Cir.11/1/00), 772 So.2d 281.
A review of the record demonstrates that on August 7, 2007, the defendant waived formal arraignment on the habitual offender bill, giving up his right to advice of the specific allegations contained in the habitual offender bill of information. Moreover, any error in the advice of habitual offender rights is harmless in this case because the defendant did not plead guilty or stipulate to the charges of the habitual offender bill. Instead, a 17multiple offender hearing was conducted, wherein the state actually proved the truth of the allegations, the defendant’s identity and, as required by this court’s remand, the absence of any cleansing period between the most recent predicate conviction and the commission of the instant offense. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the defendant’s adjudication as a fourth felony offender and his sentence are affirmed.
AFFIRMED.