DUFRESNE, Judge.
The defendant was convicted of first degree robbery, adjudicated a fourth or subsequent felony offender and sentenced to forty (40) years at hard labor without benefit of probation, parole, or suspension of sentence. On appeal this court affirmed his conviction and sentence. State v. Swaingan, 563 So.2d 1204 (La.App. 5th Cir.1990).
On November 8, 1991, the defendant filed an application for post-conviction relief which the trial court denied; however, this court later granted the defendant’s application for supervisory writs vacating his sentence and remanding the matter for resentencing.
On remand for resentencing, the trial court sentenced the defendant as a second felony offender to thirty (30) years at hard labor without benefit of probation, parole, or suspension of sentence. Subsequently, the defendant was granted an appeal.

ASSIGNMENT OF ERROR

The defendant contends that by re-sentencing him after overturning his original multiple offender sentencing, he was subjected to double jeopardy; however, the principles of double jeopardy do not apply to a retrial of the penalty enhancement statute, LSA-R.S. 15:529.1. State v. Johnson, 432 So.2d 815 (La.1983), appeal after remand, 431 So.2d 1251 (La.App. 1st Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1st Cir.1985); State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir.1986). Therefore the defendant was not subjected to double jeopardy when he was resentenced as a multiple offender.
*301 The defendant further contends that the trial court failed to hold an evidentiary hearing to determine the validity of the multiple offender proceedings which were overturned on appeal and remanded to the trial court.
In granting the defendant’s writ application, this court stated the following:
Petitioner’s contention that this record does not support his adjudication as a fourth offender has merit. The 1981 guilty plea conviction from Orleans Parish for theft, # 278-974, was improperly relied on in the multiple offender proceedings. Absent that conviction, La.C.Cr.P. art. 529.-1(c) may prohibit the use of the 1971 guilty plea conviction in # 220-502. Accordingly, we vacate petitioner’s sentence and remand for resentencing in accordance with law.
At the resentencing hearing the following exchanged occurred:
Defense Counsel: (Mark Marino)
It’s my understanding according to the writ that was granted and the instructions from the Fifth circuit.... indicates that if those two prior convictions are thrown that Mr. Swaingan would be sentenced as second offender ...
The Court:
... He is being multiple billed. He is being treated as a second offender
[[Image here]]
Mr. Marino, do you agree that the multiple offender proceedings that were held on the previous date of sentencing don’t have to be gone through again, as far as the fingerprinting and—
Defense Counsel:
It’s my understanding that they are asking just for him to be re-sentenced.
The Court:
Just for an adjustment as a second offender.
Defense Counsel:
That’s how I read the opinion.
The Court:
And you’re not objecting to that?
Defense Counsel:
I’m not objecting to that, I’m objecting to him being a second offender. I’m not sure where it places him in the multiple offender bill, if in fact it does. Mr. Swaingan’s position is that he is a first offender and should be sentenced accordingly that’s the position he takes.
Thereafter, the trial court resenteneed the defendant as a second felony offender without conducting another multiple offender adjudication and defense counsel objected to the sentence.
It appears that the trial court misinterpreted the writ disposition by resentencing the defendant as a second felony offender without determining the defendant’s multiple offender status. By indicating that LSA-R.S. 15:529.1 might prohibit the use of one of his predicate offenses, this court set aside the defendant’s multiple offender adjudication and thus the trial court is required to determine his multiple offender status prior to resentencing him.
In State ex rel Robinson v. Blackburn, 511 So.2d 854 (La.App. 4th Cir.1987), the court found that its order remanding the defendant’s multiple offender proceedings for “further hearings and resentencing” set aside the defendant’s adjudication and sentencing as a multiple offender and required that the defendant be resentenced after further hearings were held to determine his multiple offender status. The court then reversed the defendant’s sentence because the trial court failed to conduct further hearings and again adjudge the defendant to be a multiple offender.
Accordingly, we vacate the defendant’s sentence and remand so that the trial court can make a determination of the defendant’s multiple offender status prior to his being resentenced.

SENTENCE VACATED, REMANDED FOR HEARING AND RESENTENCING.