998 So.2d 885 (2008)
STATE of Louisiana, Appellee,
v.
Johnny Lee CAPERS, Appellant.
No. 43,743-KA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
*886 Louisiana Appellate Project by W. Jarred Franklin, for Appellant.
Paul J. Carmouche, District Attorney, Ron Christopher Stamps, John Ford McWilliams, Jr., Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS & PEATROSS, JJ.
*887 PEATROSS, J.
Defendant, Johnny Lee Capers, was adjudicated a fourth-felony offender after conviction on two counts of armed robbery. He was sentenced to two concurrent life terms at hard labor without the benefit of parole, probation or suspension of sentence. Defendant now appeals the fourth-felony offender adjudication and sentences. Defendant's habitual offender adjudication and sentences are affirmed.

FACTS
In May 2005, Defendant was convicted of two counts of armed robbery with a firearm. He was subsequently adjudicated a third-felony offender on the basis of the following prior convictions: an October 13, 1983 guilty plea to simple burglary; a March 18, 1986 conviction for simple burglary; and, the April 11, 2004 commission of the offenses giving rise to the present convictions. Defendant was sentenced to concurrent life sentences to be served without the benefit of parole, probation or suspension of sentence.
On appeal, Defendant argued that the State failed to show that the prior convictions fell within the ten-year period preceding the present offenses mandated by La. R.S. 15:529.1(C) because the State failed to offer proof of Defendant's actual discharge date. This court agreed and affirmed the conviction, but vacated the sentences and remanded for further proceedings. See State v. Capers, 41,231 (La. App.2d Cir.8/23/06), 938 So.2d 1076, writ denied, 06-2399 (La.4/27/07), 955 So.2d 683. The court noted that, while the offenses might fall within the statutory period, the State is required to introduce evidence on remand supporting that conclusion. State v. Capers, at 1080.
On December 7, 2006, the trial court vacated the original sentences per the remand order. The court then adjudicated Defendant a second-felony offender and sentenced him on each count to 49½ years' imprisonment at hard labor without the benefit of parole, probation or suspension of sentence, to run concurrently and with credit for time served. Once again, however, the trial court did not require, and the State did not offer, any proof that any of the prior convictions fell within the ten-year period mandated by La. R.S. 15:529.1(C).
On appeal in 42,611-KA, the State conceded that it failed to meet its burden of proof for the habitual offender adjudication and agreed with Defendant that the sentences should be vacated and the matter remanded for further proceedings. Accordingly, this court issued a per curiam opinion on August 2, 2007, vacating the second-felony offender adjudication and sentences imposed and remanding the case for further proceedings.
After this latest remand, the State filed a new bill of information charging Defendant as a fourth-felony offender. In addition to the two aforementioned simple burglary convictions, the State relied on Defendant's February 13, 1996 guilty plea to one count of possession with intent to distribute a Schedule I controlled dangerous substance. The habitual offender hearing took place on March 4, 2008, during which the State introduced evidence, through the testimony of a fingerprint expert, that Defendant had, in fact, been the individual in the three aforementioned felonies. Defendant's first felony conviction, docket number 124,207, indicates that, on October 13, 1983, Defendant pled guilty to one count of simple burglary and was sentenced to two years at hard labor, suspended subject to two years of supervised probation. The second felony conviction, docket number 132,809, indicates that, on March 18, 1986, Defendant was convicted by a jury of one count of unauthorized *888 use of a movable and one count of simple burglary. He was sentenced to 15 years at hard labor on the simple burglary conviction and to 3 years at hard labor on the unauthorized use of a movable conviction, both sentences to be served concurrently. The third felony conviction, docket number 176,814, indicates that, on February 13, 1996, Defendant pled guilty to one count of possession with intent to distribute marijuana and was sentenced to 5 years at hard labor, to run concurrent with any other sentences.
Additionally, the State introduced, without objection, a certified copy of the records maintained by the Louisiana Department of Safety and Corrections regarding Defendant's incarceration on the prior convictions. The records indicate that Defendant was incarcerated from November 15, 1985, until December 29, 1993, when he was released on parole. As a result of his 1995 arrest and conviction for possession with intent to distribute, his parole was revoked and he began serving the remainder of his sentence in docket number 132,809, which he completed on May 2, 2003.
Based on the evidence, the court adjudicated Defendant a fourth-felony offender. Defendant then waived sentencing delays and was sentenced to two terms of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence, both sentences to run concurrently, with credit for time served. The instant appeal followed.

DISCUSSION
Assignment of Error Number One (verbatim): The trial court improperly found that the Defendant was a fourth felony offender.
Defendant argues that the State again failed to prove that Defendant's prior convictions were committed within the ten-year period preceding the present offenses mandated by La. R.S. 15:529.1(C). Defendant argues that the failure in proof arises out of the State's failure to produce testimony as to the proper interpretation of the DOC records regarding his incarceration. Defendant's argument is without merit.
The State's burden of proof in habitual offender proceedings under La. R.S. 15:529.1 is stated in State v. Shelton, 621 So.2d 769 (La.1993):
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. [Footnote omitted.]
La. R.S. 15:529.1(C) provides:

*889 The current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or adjudication or adjudications of delinquency, or between the expiration of the maximum sentence or sentences of each preceding conviction or convictions or adjudication or adjudications of delinquency alleged in the multiple offender bill and the date of the commission of the following offense or offenses. In computing the intervals of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses. (Emphasis added.)
This ten-year period begins to run from the date that a defendant is actually discharged from state custody and supervision. State v. Anderson, 349 So.2d 311 (La.1977); State v. Davis, 41,245 (La. App.2d Cir.8/9/06), 937 So.2d 5. In a habitual offender proceeding, the state bears the burden of proving that the period of time between adjacent offenses has not expired. State v. Ignot, 29,745 (La.App.2d Cir.8/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618.
The record in the case sub judice reflects that Defendant's last previous felony conviction preceding the current offenses was on February 13, 1996, when he pled guilty to one count of possession with intent to distribute marijuana. He was sentenced to five years' imprisonment at hard labor, which he was ordered to serve concurrently with any other sentences he was obligated to serve. Since the date of commission of the felonies giving rise to the present convictions was April 11, 2004, the ten-year period which would have prevented use of the last previous conviction for the purpose of sentencing Defendant under the Habitual Offender Law could not have elapsed.
Likewise, the record also reflects that Defendant's felony conviction which immediately preceded the February 1996 possession with intent to distribute conviction came on March 18, 1986. Accordingly, even if the record were devoid of any evidence of Defendant's discharge from state custody and supervision, the ten-year period necessary to exclude its use for the purpose of sentencing Defendant under the Habitual Offender Law had not elapsed at the time of the commission of the following offense. Lastly, it is self-evident that more than ten years had not elapsed between the expiration of the maximum sentence for the 1983 simple burglary conviction and the following offense in 1986, which would have prevented its use for the purpose of sentencing Defendant under the Habitual Offender Law.
This assignment of error is without merit.
Assignment of Error Number Two (verbatim): The trial court imposed an excessive sentence.
Defendant argues that, while the two life sentences imposed were mandatory under the provisions of La. R.S. 15:529.1(A)(2)(a), they were excessive in that they are "nothing more than the needless imposition of pain and suffering." In his earlier appeal, he had argued that the sentence was excessive because his prior convictions were for nonviolent offenses.
The State argues that Defendant's recidivist tendencies justify the imposition of the mandatory sentences. We agree.
*890 A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The mandatory life sentence that the Habitual Offender Law requires is presumptively constitutional and should be accorded great deference by the judiciary. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Wade, 36,295 (La. App.2d Cir. 10/23/02), 832 So.2d 977, writ denied, 02-2875 (La.4/4/03), 840 So.2d 1213. Nevertheless, the Louisiana Supreme Court has stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20, of the Louisiana Constitution. That power, however, should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678, writ denied, 00-2726 (La.10/12/01), 799 So.2d 490. In order for a trial court to depart from a mandatory minimum sentence, Defendant must clearly and convincingly show that "[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." State v. Johnson, supra.
A trial judge may not rely solely upon the nonviolent nature of the instant or past crimes as evidence which justifies rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or even the main reason, for declaring such a sentence excessive. State v. Lindsey, 99-3302 (La.10/17/00), 770 So.2d 339.
Defendant fails to articulate any reason why his circumstances justify an exception to the imposition of the mandatory sentence. As noted above, in order to overcome the legislative mandate, there must be clear and convincing evidence that Defendant is exceptional or that, because of unusual circumstances, he is the victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. No such unusual circumstances are argued, nor do they appear to be present in this case. Accordingly, Defendant's mandatory life sentence does not shock the sense of justice. See State v. Dorthey, supra.
This assignment is without merit.

CONCLUSION
For the foregoing reasons, the habitual offender adjudication and sentences of Defendant, Johnny Lee Capers, are affirmed.
AFFIRMED.