MOORE, J.
|,The defendant, Bruce E. Robinson, was convicted on two counts of distribution of cocaine, in violation of La. R.S. 40:967.1, and one count of felony theft over $500, in violation of La. R.S. 14:67. Robinson was originally sentenced to life imprisonment on one count of distribution of cocaine and to 20 years’ imprisonment at hard labor for the felony theft, with the sentences to run concurrently with each other. No sentence was imposed on the second count of distribution. The convictions and sentences were affirmed on appeal, but the case was remanded for sentencing on the second distribution conviction. On remand, Robinson was sentenced to life imprisonment, with the sentence to run concurrently with the two sentences previously imposed. Robinson now appeals that sentence. We affirm.
FACTS
On October 22, 2009, a jury found Robinson guilty as charged of two counts of distribution of cocaine and one count of felony theft, over $500. On April 29, 2010, he was adjudicated a fourth-felony habitual offender and sentenced on one count of distribution to life imprisonment without benefit of probation, parole, or suspension of sentence. For the felony theft conviction, he was sentenced to 20 years’ imprisonment at hard labor, with the two sentences to run concurrently to each other. His motion to reconsider sentence was denied.
On appeal, this court affirmed the three convictions and the two sentences, but found that it was not clear from the record whether the trial court had actually sentenced Robinson on the second count of distribution of cocaine. State v. Robinson, 46,737 (La.App. 2 Cir. 12/14/11), 79 So.3d 1270, writ denied, 2012-0487 (La.8/22/12), 97 So.3d 978. The matter was remanded *832 to the trial court for sentencing on the second count of distribution of cocaine. Id.
On February 1, 2012, the trial court, finding that Robinson had already been adjudicated a fourth-felony habitual offender, sentenced Robinson under La. R.S. 15:529.1 to life imprisonment, without benefits, with the sentence to run concurrently with the two prior sentences. No motion to reconsider sentence was filed. Robinson timely sought an appeal, which was granted on March 29, 2012.
The defendant timely filed his notice of intent to file a pro se brief. However, his pro se brief was untimely filed on August 21, 2012, after the 30-day deadline expired on August 12, 2012.
DISCUSSION
Robinson claims that his sentence is excessive because he is not the worst of offenders, yet the trial court imposed “the most severe and excessive sentences possible.” He claims that even though his sentence falls within the statutory guidelines, his sentence is still excessive and he should receive a less severe sentence. He claims that a life sentence at hard labor, without benefits “makes no reasonable contribution to acceptable penal goals” and that the trial court failed to consider what societal goals were served by the life sentence imposed.
The state argues that Robinson fails to present any evidence that the sentence imposed is constitutionally excessive to warrant a downward departure from the mandatory life sentence.
|sLa. R.S. 15:529.1(A)(4)(b) states that:
If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
As noted by this court in Robinson’s prior appeal, Robinson was adjudicated a fourth-felony habitual offender under La. R.S. 15:529.1(A)(4)(b), based on his prior convictions for drug possession and distribution and battery of a police officer, and was subject to the mandatory life sentence for each of the two distribution convictions.
Where there is a mandatory sentence, there is no need for the trial court to justify, under Art. 894.1, a sentence it is legally required to impose. State v. Burd, 40,480 (La.App. 2 Cir. 1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35; State v. Koon, 31,177 (La.App. 2 Cir. 2/24/99), 730 So.2d 503.
In State v. Dorthey, 623 So.2d 1276 (La.1993), and State v. Johnson, 1997-1906 (La.3/4/98), 709 So.2d 672, the supreme court addressed the issue of mandatory sentences in the context. of the habitual offender law. The court held that the downward departure from a mandatory minimum sentence may occur in rare circumstances if the defendant rebuts the presumption of constitutionality by showing clear and convincing evidence that he is exceptional, namely, that he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the gravity of the Uoffense, the culpability of the offender, and the circumstances of the case.
Prior to the three instant felony convictions, Robinson had five felony convictions: *833 illegal possession of stolen things, felony theft, possession of a controlled dangerous substance, possession of a controlled dangerous substance with intent to distribute, and battery of a police officer. Robinson has a clear history of theft and drug violations, and his intent to continue this career of crime is evidenced by the recent convictions for drug distribution and theft. Robinson has failed to rebut the presumption that his sentence was constitutional by presenting clear and convincing evidence that his situation is exceptional and warrants a departure from the mandatory sentence. This claim is without merit and, therefore, is denied.
Robinson argues that the trial court erred in not conducting another habitual offender hearing and presenting evidence to re-adjudicate him a habitual offender. This court already found sufficient evidence to convict Robinson of the three offenses and adjudicate him a fourth-felony habitual offender, so there was no need to re-adjudicate.
Robinson also argues that the district attorney’s office vindictively brought the habitual offender bill to punish him for reasons other than administering justice. Robinson provides no evidence of his claim, and the use of the habitual offender law alone is insufficient to establish prose-cutorial vindictiveness. State v. Wilson, 44,586 (La.App. 2 Cir. 10/28/09), 26 So.3d 210, writ denied, 2009-2655 (La.1/28/11), 56 So.3d 973. Furthermore, Robinson provides no evidence that he made a contemporaneous objection at the habitual offender hearing, and ^accordingly may not avail himself of any such error now that he has been adjudicated. La. C. Cr. P. art. 841; State v. Sanders, 39,645 (La.App. 2 Cir. 4/6/05), 900 So.2d 221, writ denied, 2005-1634 (La.2/3/06), 922 So.2d 1173; State v. Gaddis, 36,661 (La.App. 2 Cir. 3/14/03), 839 So.2d 1258, writ denied, 2003-1275 (La.5/14/04), 872 So.2d 519, cert. denied, 544 U.S. 926, 125 S.Ct. 1649, 161 L.Ed.2d 487.
Robinson also claims that the district attorney’s office is targeting black offenders in habitual offender adjudications. As evidence, he states that at the state’s largest prison, only 33 of the 610 inmates sentenced under the habitual offender statute are white. Robinson fails to show that he raised the issue of selective enforcement in a motion to quash, in arguments before the trial court, or in a motion for new trial, and absent any contemporaneous objection, he may not raise a claim of selective enforcement now that he has been adjudicated. State v. Madison, 32,432 (La.App. 2 Cir. 10/27/99), 743 So.2d 920, rev’d on other grounds, 2000-0074 (La.8/31/00), 768 So.2d 593.
These three arguments are without merit.
CONCLUSION
For the reasons stated above, the defendant’s convictions and sentences are affirmed.
CONVICTIONS AND SENTENCE AFFIRMED.