GARRETT, J.
hThe defendant, Libert Roland, appeals his adjudication as a third felony habitual offender and his sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. For the following reasons, we affirm his adjudication and sentence.
FACTS
Law enforcement officials conducted a lengthy investigation of Roland and an accomplice, Krystal Shantelle Egan. They would frequently rent a car, drive to Dallas, pick up cocaine, and return to Shreveport where they resold the drugs. On October 18, 2007, Roland was driving a vehicle in Caddo Parish when he committed a traffic violation. Law enforcement officials initiated a traffic stop. Roland led officers on a high-speed chase. Ultimately, Roland stopped and, with his cooperation, officers recovered approximately 133 grams of cocaine he had thrown from the vehicle. Officers also found marijuana inside the vehicle.
Roland was charged in November 2007 with two drug offenses: possession of a schedule II controlled dangerous substance, cocaine, 28 grams or more, but less than 200 grams, and possession of marijuana, third offense. On the day his jury trial was scheduled to begin, Roland fled from the courthouse. After he was apprehended, he was remanded to jail. Later that same day, on May 6, 2008, Roland pled guilty as charged to both offenses, with no agreement as to his sentence, and with the understanding that he would be charged as a habitual offender. Charges pending in two other cases were dismissed. When Roland entered his plea, he stated on the 12record that “Ms. Egan didn’t have anything to do with this.” We note that Egan pled guilty the next day.[1]
On June 30, 2008, the state filed a fourth felony habitual offender bill of information against Roland, alleging he had pled guilty to simple burglary on June 12, 1986, and was sentenced to three years at hard labor; attempted armed robbery on May 24, 2004, and was sentenced to 3½ years at hard labor; and possession of marijuana, third offense, on July 31, 2003, and was sentenced to two years at hard labor. Roland waived the reading of the habitual offender bill of information and entered a plea of not guilty. The habitual offender hearing was continued numerous times. Different retained counsel enrolled on Roland’s behalf during the continuances.
On February 5, 2009, the state filed an amended fourth felony habitual offender bill of information, which specified that Roland’s second felony conviction was based on his guilty plea on May 24, 2004, to attempted simple robbery, not attempted armed robbery. The minutes reflect that Roland was present in court, but his attorney was not present at the time the amended habitual offender bill of information was filed.
*562 The state produced in discovery and provided to defense counsel all of the documentation to be used at the habitual offender hearing, which included the bills of information, minutes and records from the Louisiana Department of Public Safety and Corrections pertaining to the predicate [¡¡offenses. No written responses or objections to the habitual offender bills of information or any of the documents produced pursuant to discovery were filed by counsel.
The habitual offender hearing began on March 12, 2009, and was tried over several days due to requests made by defense counsel. The state noted that it previously filed an amended bill of information charging Roland with being a fourth felony offender. The state called Gary Baird, a Caddo Parish Sheriffs Office crime scene investigator, as an expert in fingerprint analysis comparisons. Baird took Roland’s fingerprints and compared them to fingerprints taken at the time of his guilty pleas in his prior offenses and determined that they were the same.
The state introduced certified copies of the minutes for all of the predicate offenses, showing that in each instance Roland had been advised of his Boykin rights. The state also introduced the fingerprints into evidence, as well as a “pen pack” showing the dates of Roland’s discharge and then informed the court that the state could not in good faith submit that there was less than 10 years between the completion of sentence for Roland’s first felony conviction and his second conviction on July 31, 2008, as required by La. R.S. 15:529.1. Therefore, Roland’s 1986 conviction for simple burglary could not be used as a predicate offense. The state orally amended the habitual offender bill of information to charge the defendant as |4a third felony offender.[2] The state argued that it proved Roland was a third felony offender.
Defense counsel argued, without any factual basis or legal support, that the habitual offender bill of information should be rejected because Roland was not properly advised of any of his rights during the sentencing hearings on the predicate offenses. Defense counsel had previously requested a continuance to obtain transcripts of the prior guilty plea hearings. Although this matter had been pending for many months, the trial court stated that the matter would be left open to allow defense counsel to obtain and review the transcripts.
The hearing resumed on April 27, 2009. Defense counsel argued that the 2003 conviction for possession of marijuana, third offense, was invalid because Roland had not previously been convicted of possession of marijuana, second offense. Although Roland clearly had two prior convictions for possession of marijuana, defense counsel contended that the 2008 conviction for possession of marijuana, third offense, should only have been a possession of marijuana, second offense. She argued that Roland had not been advised when he pled guilty to possession of marijuana, first offense, that he could later be charged with possession of ^marijuana, third offense.[3] *563 Defense counsel stated that she would file the transcripts into the record; however, she failed to do so.
The hearing resumed on April 29, 2009. At that time, the state clarified that it was seeking a multiple offender adjudication only on the defendant’s conviction for possession of cocaine, 28 grams or more, but less than 200 grams, not on his conviction for possession of marijuana, third offense. The trial court rejected Roland’s argument regarding his 2003 conviction for possession of marijuana, third offense, noting that a possession of marijuana, second offense conviction is not a prerequisite for a conviction for possession of marijuana, third offense. It was sufficient that Roland had two prior convictions for possession of marijuana. The trial court then carefully reviewed all the evidence that had been adduced at the hearing and determined that the state had satisfied its burden of proof.
The trial court adjudicated Roland a fourth felony offender and sentenced him to the mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence. Regarding his present conviction of possession of marijuana, third offense, Roland was sentenced to 20 years at hard labor, fined $5,000, and ordered to serve one year in jail in lieu of payment of the fine.
Roland appealed from his adjudication as a fourth felony offender and from his sentence for possession of marijuana, third offense. In an unpublished opinion, this court found that the trial court erred in |fiadjudicating Roland a fourth felony offender in light of the state’s oral amendment of the habitual offender bill of information, admitting that the simple burglary conviction in 1986 could not be used for enhancement purposes. The fourth felony offender adjudication and sentence were vacated. We affirmed Roland’s 20-year sentence and $5,000 fine for possession of marijuana, third offense, but deleted that portion of the sentence requiring him to serve one year in jail in lieu of payment of the fine due to Roland’s indigence and because the one-year default sentence would cause Roland’s 20-year sentence to exceed the statutory maximum. The case was remanded for further proceedings. See State v. Roland, 48,514 (La.App.2d Cir.12/11/13), 2013 WL 6537210.
On March 18, 2014, Roland appeared before the trial court and the indigent defender was appointed to represent him. The trial court reviewed the opinion by this court remanding the matter and adjudicated Roland a third felony offender. Because, under La. R.S. 15:529.1, Roland had been convicted of a crime of violence and two drug offenses punishable by imprisonment for 10 years or more, Roland was given the mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence, concurrent with his 20-year marijuana sentence.
Roland filed a motion to reconsider sentence, stating that he had been sentenced to life as a third felony offender without a contradictory hearing. He also claimed his sentence was excessive and the trial court did not “give enough consideration to the defendant’s age and physical ability to withstand a life sentence.” He pointed out that his actions in the present |7case were not violent. The trial court denied the motion to reconsider sentence.
Roland now files the present appeal. He argues that the trial court erred in adjudicating him a third felony offender and sentencing him to life imprisonment without benefits.
THIRD FELONY OFFENDER ADJUDICATION
Roland claims that the trial court erred in finding him to be a third felony offend *564 er. He attacks the validity of the amended habitual offender bill of information by arguing that he was never brought before the court and informed of the allegations of the amended bill of information, was not informed of his right to be tried as to the truth of the allegations in the amended bill of information, and was never required to say whether the allegations were true, as required by La. R.S. 15:529.1. Roland contends he was not given the opportunity to present evidence at the resentencing. He also attacks the validity of the predicate offenses, claiming he was not properly informed of his rights prior to pleading guilty to those offenses. These arguments are without merit.
Discussion
Roland contends that he was not properly advised of the allegations in the amended habitual offender bill of information and his rights under the Habitual Offender Law contained in La. R.S. 15:529.1. In 2007, when Roland committed the offense of possession of cocaine, 28 grams or more, but less than 200 grams, La. R.S. 15:529.1 provided in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of |sthe Louisiana Children’s Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(ii) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B),[4] a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
°D. (l)(a) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state or adjudicated a delinquent under Title VIII of the Louisiana Children’s Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of Subsection A of this Section, or has been convicted under the laws of any other state, or of the United States, or of any foreign government or country, of a crime, *565 which, if committed in this state would be a felony, the district attorney of the parish in which subsequent [ 9conviction was had may file an information accusing the person of a previous conviction or adjudication of delinquency. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b). The judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, or adjudicated a delinquent for an offense or offenses specified above as set forth in the information.
(b) Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden
of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
(2) Following a contradictory hearing, the court shall find that the defendant is:
(b) A third offender, upon proof of two prior felony convictions or adjudications of delinquency as authorized in Subsection A, or any combination thereof.
(3) When the judge finds that he has been convicted of a prior felony or felonies or adjudicated a delinquent as authorized in 1 inSubsection A, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted or
adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated. The court shall provide written reasons for its determination. Either party may seek review of an adverse ruling.
La. R.S. 15:529.1(D)(l)(a) requires that the defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the state must prove its case. Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent. State v. Goosby, 47,772 (La.App.2d Cir.3/6/13), 111 So.3d 494, writ denied, 2013-0760 (La.11/1/13), 125 So.3d 418. This court has held that the trial court committed harm *566 less error by failing to read the habitual offender bill of information in court and failing to inform the defendant of his right to remain silent at the habitual offender hearing, where the defendant exercised his right to remain silent, had a full evidentia-ry hearing, and was well aware of the convictions being used against him. State v. Odom, 34,054 (La.App.2d Cir.11/1/00), 772 So.2d 281; State v. Timmons, 44,702 (La.App.2d Cir.9/28/09), 22 So.3d 1074, writ denied, 2009-2251 (La.4/16/10), 31 So.3d 1053; State v. Goosby, supra.
In this case, the record shows that, when the habitual offender bill of information was originally filed, Roland was present in court with his retained attorney, waived reading of the bill of information, and pled not guilty. When' the first amended habitual offender bill of information was Infiled, Roland was present in open court, but his attorney was not. The state informed the court it would provide a copy of the amended bill of information to Roland’s counsel. At the habitual offender hearing, Roland’s counsel was present with him and was aware of the predicate offenses forming the basis for the habitual offender charge. When the state orally amended the habitual offender bill of information to charge Roland as a third felony offender, Roland and his counsel were present in court. Roland was granted a thorough hearing which extended over several days. At one point, the hearing was held open to allow Roland an opportunity to obtain transcripts to attack the predicate offenses. ■ Roland exercised his right to remain silent; he pled not guilty to the habitual offender charge. Any possible error in failing to read the amended habitual offender bill of information and to inform Roland of his right to remain silent was harmless.
Roland next contends that the predicate offenses could not be used to support the habitual offender adjudication because the state failed to show that he was properly advised of his Boykin rights and that he waived those rights prior to pleading guilty to the prior offenses.
The shifting burdens of proof in habitual offender hearings were set forth in State v. Shelton, 621 So.2d 769 (La.1993), as follows:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a “perfect” transcript of the taking of the guilty 112plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a “perfect” transcript, for example, a guilty plea form, a minute entry, an “imperfect” transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boy-kin rights.
Our courts have held that the state need not introduce a “perfect” transcript of a guilty plea to prove a prior conviction. *567 The state may offer a “guilty plea form, a minute entry, an ‘imperfect’ transcript, or any combination thereof,” and this offering shifts the burden of proof to the defendant to show some irregularity. State v. Welch, 45,950 (La.App.2d Cir.1/26/11), 57 So.3d 442, writ denied, 2011-0423 (La.9/16/11), 69 So.3d 1145, citing State v. Shelton, supra.
This court has rejected the argument that, for purposes of a habitual offender adjudication, the state is required to prove that when the defendant pled guilty to the predicate offenses, he actually waived his Boykin rights. Minutes that reflect that the requirements of Boykin were complied with are sufficient. See State v. Warfield, 37,616 (La.App.2d Cir.10/29/03), 859 So.2d 307, writ denied, 2004-0152 (La.2/4/05), 893 So.2d 87; State v. Wade, 36,295 (La.App.2d Cir.10/23/02), 832 So.2d 977, writ denied, 2002-2875 (La.4/4/03), 840 So.2d 1213; State v. Barrett, 42,303 (La.App.2d Cir.8/15/07), 963 So.2d 1072, writ denied, 2007-1942 (La.2/15/08), 976 So.2d 174. Further, any failure of the trial court to explore all of the possible ramifications of a future conviction does not affect the core Boykin | ^rights and does not invalidate the offense as a predicate. See State v. Guzman, 1999-1528 (La.5/16/00), 769 So.2d 1158.
Here the record contains certified copies of all of the minutes from all of the prior guilty pleas, which show that, in each case, Roland was informed of his Boykin rights. Based upon those minutes, the bills of information, fingerprint evidence, and Roland’s pen pack, the state clearly carried its burden of showing the validity of the predicate offenses forming the basis of its habitual offender bill of information against Roland. The burden of proof then shifted to Roland to show some affirmative evidence of an infringement of his rights or a procedural irregularity in the entry of the guilty pleas. Roland failed to carry this burden of proof. Although the record was held open to allow defense counsel to obtain transcripts from the prior proceedings, and these transcripts were discussed in court, they were not filed into evidence. Further, there is no showing that they supported Roland’s claim.[5] Indeed, no arguments were ever made that there were any deficiencies or issues pertaining to the core Boykin rights.
Roland asserts that he was not given the opportunity to present evidence at the re-sentencing. In his motion to reconsider sentence following his resentencing as a third felony offender, Roland objected that he was sentenced to life imprisonment without a contradictory hearing.
On remand in habitual offender proceedings, another habitual offender hearing presenting evidence to readjudicate is not necessarily required. See State v. Robinson, 47,597 (La.App.2d Cir.1/16/13), 108 So.3d 830, writ denied, 2013-0355 (La.9/13/13), 120 So.3d 280; State v. Kennerson, 97-1682 (La.App. 3d *568 Cir.6/3/98), 715 So.2d 518; State v. Dauzart, 07-15 (La.App. 5th Cir.5/15/07), 960 So.2d 1079. See and compare State v. Jones, 09-788 (La.App. 5th Cir.4/13/10), 35 So.3d 1162, writ denied, 2010-1448 (La.9/2/11), 68 So.3d 534; State v. Swaingan, 630 So.2d 300 (La.App. 5th Cir.1993). A court may take judicial cognizance of any prior proceeding which was a part of the same case it had previously tried. State v. Jones, 332 So.2d 461 (La.1976).
Roland was not entitled to another full evidentiary hearing on remand. ' Further, he never indicated that he wished to present evidence at the resentencing. The pri- or proceedings were exhaustive and the record contains ample information and evidence upon which the trial court based its adjudication of Roland as a third felony offender and formulated its sentence. No error occurred in the conduct of the resen-tencing hearing.
EXCESSIVE SENTENCE
Roland argues that his sentence of life imprisonment without benefit of parole, probation or suspension of sentence is excessive. He contends that the trial court should not have considered itself bound to the mandatory life sentence and the sentence is excessive where the sentences for his predicate offenses were very light. This argument is without merit.
| ^Discussion
A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Capers, 43,743 (La.App.2d Cir.12/3/08), 998 So.2d 885, writ denied, 2009-0148 (La.10/2/09), 18 So.3d 102.
A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Capers, supra.
Because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court’s compliance with La. C. Cr. P. art. 894.1 is not required. It would be an exercise in futility for the trial court to discuss the factors enumerated in Article 894.1 when the court has no discretion in sentencing a defendant. State v. Washington, 37,321 (La.App.2d Cir.8/20/03), 852 So.2d 1206, writ denied, 2003-2652 (La.5/14/04), 872 So.2d 510.
Since the Habitual Offender Law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Bates, 37,282 (La.App.2d Cir.10/16/03), 859 So.2d 841, writ denied, 2004-0141 (La.5/21/04), 874 So.2d 173. The legislature’s determination of an appropriate minimum sentence should be afforded great deference by the judiciary. State v. Johnson, supra; State v. Capers, supra. |l6Courts have the power to declare a sentence excessive under La. Const. Art. I, § 20, although it falls within the statutory limits provided by the legislature. This power extends to the minimum sentences mandated by the Habitual Offender Law. However, this power should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive. State v. Johnson, supra; State v. Capers, supra.
A trial court may reduce a defendant’s sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law “makes no measurable contribution to acceptable goals of punish *569 ment,” or is nothing more than “the purposeful imposition of pain and suffering” and is “grossly out of proportion to the severity of the crime.” State v. Johnson, supra. A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality. State v. Johnson, supra; State v. Lindsey, 1999-3302 (La.10/17/00), 770 So.2d 339.
A trial judge may not rely solely upon the nonviolent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant’s instant or prior offenses as nonviolent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. La. R.S. 15:529.1 provides that persons 117adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a “crime of violence” under La. R.S. 14:2. State v. Johnson, supra. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. While a defendant’s record of nonviolent offenses may play a role in a sentencing judge’s determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive. State v. Johnson, supra. Instead, to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, supra; State v. Lindsey, supra.
Roland argues on appeal that, in imposing the mandatory sentence of life imprisonment in this case, no consideration was given by the trial court to any factors to tailor the sentence to this particular defendant. He points to the brief sentences imposed for the predicate offenses forming the basis for his third felony habitual offender adjudication. He also contends that the offenses in the present case were nonviolent.
After close scrutiny of the record, it is abundantly clear that Roland is not the exceptional defendant for whom departure from the mandatory statutory minimum life sentence is required. Roland has felony convictions 118dating back to 1985. His criminal record includes numerous arrests, many of which were for crimes of violence such as illegal use of a weapon and second degree murder. Roland’s criminal record also includes several convictions for drug offenses. In this case, Roland pled guilty for the second time to possession of marijuana, third offense. Roland was apprehended with a large amount of cocaine and was regularly traveling to Dallas to obtain cocaine which he then resold. Roland led police on a high-speed chase before he was apprehended. On the date of his trial, he fled from the courthouse. As we observed in the prior appeal, “Roland has apparently not benefitted from the rehabilitative aspects of the penal system.” Roland’s mandatory sentence of life imprisonment without benefit of parole, probation, or suspension of sentence, does not shock the sense of justice and is not unconstitutionally excessive.
*570 CONCLUSION
For the reasons stated above, we affirm the adjudication of the defendant, Libert Roland, as a third felony habitual offender, and we affirm his mandatory sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence.
ADJUDICATION AND SENTENCE AFFIRMED.

. See State v. Egan, 44,879 (La.App.2d Cir. 12/9/09), 26 So.3d 938. Egan pled guilty on May 7, 2008, to attempted possession of a schedule II controlled dangerous substance, cocaine, 28 grams or more, but less than 200 grams, and received a five-year hard labor sentence. This court noted, "Due to her weekly car rentals, the thousands of miles placed on the cars, and her employment at a fast food restaurant, the [trial] court expressed disbelief of the defendant’s claim that she did not know about the cocaine trafficking.” Her conviction and sentence were affirmed by this court.

. The record also contains an amended habitual offender bill of information in which the word ‘‘fourth” in the title was marked through and the word "third" had been written.

. Defense counsel also argued that the guilty plea for simple burglary was invalid because the defendant was not informed of his right to apply for post-conviction relief and also the conviction was outside the cleansing period of La. R.S. 15:529.1, a fact already conceded by the state. During the hearing, defense counsel, the state, and the trial court apparently forgot that this conviction was no longer at issue.

. Under La. R.S. 14:2(B), attempted simple robbery is a crime of violence.

. In Roland’s prior appeal, he argued ineffective assistance of counsel based upon the failure of his attorney to file into the record the transcript of his pleas of guilty to two charges of possession of marijuana prior to his 2003 guilty plea to possession of marijuana, third offense. At the habitual offender hearing, Roland argued that, at the time the earlier pleas were entered, he was told that any subsequent conviction for possession of marijuana would be a second offense. He argues that this somehow undermines the validity of his 2003 plea to possession of marijuana, third offense. In the prior appeal, we stated that the record was not sufficient to resolve the issue on direct appeal, and the claim of ineffective assistance of counsel would be more properly raised in an application for post-conviction relief. In the present appeal, our deferment of the issue in the prior appeal was noted, but the issue was not reasserted.