. CALLOWAY, J., Pro Tempore. ,
liThe defendant, David Jerome Manning, Jr., was convicted of three felony counts of possession with intent to distribute and one misdemeanor possession of drug paraphernalia. The trial court imposed concurrent sentences of 21 years at hard labor, without benefits, on each felony conviction and six months on the misdemeanor conviction. This court affirmed Manning’s conviction and sentence. State v. Manning, 49,747 (La.App.2d Cir.4/15/15), 164 So.3d 346. While Manning’s appeal was pending, the state filed a habitual, offender bill, and Manning was subsequently adjudicated a fourth (or subsequent) felony offender. The trial court vacated its . original sentence and imposed concurrent sentences of 33 years at hard labor without benefit of probation or suspension of sentence as to each of the three felony counts, and a six-month sentence for the misdemeanor,. Asserting that his sentence is unconstitutionally harsh and excessive, Manning now appeals. For the reasons explained in this opinion, we affirm,
FACTS
This court’s opinion in State v. Manning, supra, sets forth the facts that led to Manning’s 2014 conviction of three felony charges of possession of marijuana, cocaine, and ecstasy (methylenedioxymethca-thinone) with intent to distribute and the misdemeanor possession of drug paraphernalia. While Manning’s appeal was pending, the state filed a habitual offender bill on June 11, 2014! The state alleged four prior offenses, which included Louisiana convictions for unauthorized use of a movable, attempted unauthorized use of a movable, and possession of cocaine, plus a Texas Igconviction for tampering with physical evidence. Arguing that the Texas conviction was not for a felony, Manning objected to the habitual offender bill.
At a hearing on January 15, 2015, the state presented testimony from Sgt. Renee Johnson of the Ouachita Parish Sheriffs *245 Office, who was accepted as an expert in fingerprint comparison. Johnson testified that the prints from the prior offenses matched Manning’s prints taken that day-before court began. The state also presented testimony from Aaron Philips, the probation and parole officer who had prepared the presentence investigation (“PSI”) report ordered by the trial court prior to sentencing Manning after his 2014 conviction. Philips testified, about Manning’s priors alleged in the habitual offender bill and stated that he verified the Texas felony conviction by calling the district attorney in Harris County. According to Philips, Manning had been in the Department of Corrections’ custody or under its supervision since 1998, except for the period from November 14, 2012, through March 28, 2013. '
The trial court found that the state proved, beyond a reasonable doubt, Manning’s status as a fourth offender and that the state actually proved he was a fifth-felony offender. Applying La. R.S. 15:529.1, the parties agreed that the sentencing range under the multi-bill was 30 years to life imprisonment on each of the felony convictions and that, as a practical matter, any sentence imposed (even if the same as the original sentence) would be harsher because Manning would not be eligible for good time.[1]
| sIn imposing the new sentence, the: trial court expressly adopted the PSI report, its reasons, and its articulation of the La. C. Cr. P. art. 894.1 factors from the original sentencing.[2] In mitigation, the trial court noted that Manning had a newborn child and that he had completed a 12-step program while incarcerated. The trial court also noted that Manning had dropped out of school in the 11th grade and that his employment history was frequently interrupted.,by his incarcerations. Noting that Manning’s age was about 36,. the trial court observed, that he had led a life of crime. At the original sentencing, the trial court had not imposed a maximum sentence due to the fact that there had hot been a significant amount of narcotics involved. Though the trial court stated that a near maximum sentence would be justified due to Manning’s adjudication as a habitual offender, it declined to impose such a harsh sentence. Instead, the trial court sentenced Manning to 33 years on each of the three felony convictions and six months' on the misdemeanor, all concurrent, Manning did not file a motion for reconsideration of the sentence.
Manning now appeals his sentence as excessive.
DISCUSSION
In the absence of a motion to reconsider the sentence filed in the trial court, our review is limited to the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Smith, 46,343 (La.App.2d Cir.6/22/11), 71 So.3d 485, writ denied, 11-1646 (La.1/13/12), 77 So.3d 950. Under constitutional review, a sentence can be excessive, even [¿when it falls under statutory guidelines, if the punishment is so grossly disproportionate to1 the séverity óf the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047. The trial court has broad discretion to sentence within statutory limits, and its sentence may not be set aside *246 absent a showing of manifest abuse of that discretion. State v. Guzman, 99-1528, 99-1758 (La.5/16/00), 769 So.2d 1158.
Since the Habitual Offender Law, in its entirety, is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Roland, 49,660 (La.App.2d Cir.2/27/15), 162 So.3d 558. The legislature’s determination of an appropriate minimum sentence should be afforded great deference by the judiciary. The judicial power to declare a sentence constitutionally excessive extends to the minimum sentences mandated by the Habitual Offender Law; however, this power should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive. Roland, supra; Johnson, supra. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut the presumption of constitutionality. Roland, supra; Johnson, supra; State v. Lindsey, 99-3302, 99-3256 (La.10/17/00), 770 So.2d 339.
15As stated, the statutory minimum sentence for each of Manning’s three felony convictions was 30 years at .hard labor without benefit of probation or suspension of sentence, and the maximum sentence available was life imprisonment. See La. R.S. 15:529.1; La. R.S. 40:966(A); and La. R.S. 40:967. Before sentencing Manning as a habitual offender, the trial court considered its prior sentencing, the PSI report, and specific factors regarding. Man-nings personal history. Though the trial court was informed through the PSI report of Manning’s criminal history at the 2014 sentencing, the trial court noted that the state had now proven beyond a reasonable doubt Manning’s habitual offender status. After observing that a near maximum sentence would be justified but that even a- near minimum sentence would result in Manning serving & significantly greater time than under his original sentence, the trial court imposed concurrent 33-year sentences for the three felony convictions.
The concurrent 33-year sentences are near the statutory minimum for a fourth or subsequent felony offender.’ Considering that Manning, actually a fifth-felony offender, could have been sentenced to life imprisonment, his near minimum sentence is not constitutionally excessive. Rather, the sentence is presumed constitutional. Roland, supr.a. Nothing in this record rebuts that presumption. The sentence for this multiple offender does not shock the sense of justice and is not a purposeless infliction of pain and suffering. We find that the trial court did not abuse its broad discretion in sentencing Manning, a career criminal, within the statutory guidelines.
| (¡CONCLUSION
Finding no merit to Manning’s excessive sentence claim, we affirm his habitual offender adjudicátion and sentence.
AFFIRMED.

. See La. R.S. 15:571.3(C)(1), which provides that an inmate sentenced as an habitual offender shall not be allowed diminution of sentence for good behavior.

. For discussion- of the original sentence see State v. Manning, 49,747 at p. 20, 164 So.3d at 358.